[No. 43990.    En Banc.    May 27, 1976.]

LEONA GARRISON, *Respondent*, v. WASHINGTON STATE NURSING BOARD, *Appellant*.

*Slade Gorton, Attorney General*, and *Wade E. Gano* and *John H. Keith, Assistants,* for appellant.

*Breskin, Rosenblume & Robbins*, by *Stephen A. Cohen*, for respondent.

HAMILTON, J.—Appellant, Washington State Nursing Board, appeals a superior court decision reversing a decision to suspend the nursing license of Leona Garrison, the respondent.

On March 15, 1974, appellant conducted a hearing to determine whether to suspend or revoke respondent's license to practice registered nursing. At this hearing, Lynnwood police officers testified they arrested respondent on

October 7, 1973, for the possession of controlled substances and legend drugs. Respondent had removed the drugs from her place of work to her home. Appellant found the removal of drugs to her home to be a "distribution of drugs for any other than legitimate purposes" within the meaning of RCW 18.88.230.[1] Appellant suspended respondent's license for 1 year, with a 6-month stay of the suspension if respondent would meet certain terms and conditions.

Respondent appealed, and the Snohomish County Superior Court entered a summary judgment reversing appellant's decision and reinstating respondent's license to practice registered nursing. The trial court ruled appellant's findings did not establish a violation of RCW 18.88.230. An appeal was taken from this judgment. The Court of Appeals certified the case to this court, and we assumed jurisdiction.

To resolve this appeal, we must determine whether appellant's findings established an unlawful distribution of drugs within the meaning of the statute. Words in a statute should be given their ordinary meaning absent ambiguity and/or a statutory definition. *See Publishers Forest Prods. Co. v. State*, 81 Wn.2d 814, 816, 505 P.2d 453 (1973). Courts may consider extrinsic aids to interpret statutory language even without a showing that the language is ambiguous. *See* 2A C. Sands, *Statutes and Statutory Construction* § 48.01 (4th ed. 1973). In so doing, we frequently resort to dictionaries to ascertain the common meaning of statutory language. *See, e.g., Intermediate School Dist. 105 v. Yakima County*, 81 Wn.2d 443, 445, 503 P.2d 104 (1972); *Crown Zellerbach Corp. v. State*, 53 Wn.2d 813, 815, 328 P.2d 884 (1958). *Webster's Third New International Dictionary* (1968), in part, defines "distribute" as follows: "to divide among several or many : to deal out : apportion . . ."

Respondent did not apportion or deal out the drugs to

---

[1]"Upon recommendation of the board, the department shall deny, or after a hearing by the board, shall revoke or suspend the license upon finding that the person . . . (4) has engaged in distribution of drugs for any other than legitimate purposes; . . ." RCW 18.88.230.

anyone. She merely removed the drugs from work to her home. In this respect her actions do not constitute a distribution.

■ Further, in *State ex rel. American Piano Co. v. Superior Court*, 105 Wash. 676, 679, 178 P. 827 (1919), we quoted from 36 Cyc. Law & Proc. 1150 (1910):

"Whenever a legislature had used a word in a statute in one sense and with one meaning, and subsequently uses the same word in legislating on the same subject-matter, it will be understood as using it in the same sense, unless there be something in the context or the nature of things to indicate that it intended a different meaning thereby."

*Accord, Champion v. Shoreline School Dist. 412*, 81 Wn.2d 672, 676-77, 504 P.2d 304 (1972); *see DeGrief v. Seattle*, 50 Wn.2d 1, 11, 297 P.2d 940 (1956). The nursing act (RCW 18.88) directs the board to suspend or revoke the license of any nurse who unlawfully distributes drugs. The Uniform Controlled Substances Act (RCW 69.50) and the legend drugs act (RCW 69.41) pertain to the same subject, as they also prohibit the unlawful distribution of drugs. RCW 69.50.101(i) defines "distribute" as follows: "to deliver other than by administering or dispensing a controlled substance." "Deliver" is defined as "the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." RCW 69.50.101(f). The identical definitions appear in the legend drugs act. *See* RCW 69.41.010(2), (5).[2]

■ To establish a distribution under these definitions, a person must at least attempt to transfer the proscribed drugs to another person. Upon the record before us, respondent did not attempt to transfer the drugs to any other person. Thus, her actions do not establish a distribution within the meaning of these statutes.

Therefore, the trial court properly exercised its statutory

---

[2]These same definitions are also found in 21 U.S.C. § 802(8), (11) (1970).

198

power to reverse the agency decision. *See* RCW 34.04.130 (6). The judgment is affirmed.

STAFFORD, C.J., and ROSELLINI, HUNTER, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.