[No. 46150. En Banc. January 10, 1980.]

*In the Matter of the Personal Restraint of*
DENNIS L. LEHMAN, *Petitioner.*

*Kafer, Good & St. Mary* and *David C. Mitchell,* for petitioner.

*Slade Gorton, Attorney General,* and *Nate D. Mannakee, Assistant,* for respondent.

STAFFORD, J.—Dennis L. Lehman filed a personal restraint petition challenging the revocation of his parole by the State Board of Prison Terms and Paroles (Board). The petition is granted and the cause remanded to the Board to reinstate petitioner's parole and conduct a hearing pursuant to RCW 9.95.120.

On April 16, 1971, petitioner was convicted of robbery while armed with a deadly weapon. He was paroled in

August of 1974. On April 13, 1976, his parole was suspended following the Board's receipt of notice that he was in federal custody on a charge of bank robbery.

Petitioner was convicted on the federal charge on October 12, 1976, and sentenced to 25 years in the federal prison. His state parole was administratively revoked by the Board without a due process hearing on November 9, 1976, in accordance with RCW 9.95.120 which provides in part:

> Whenever a paroled prisoner is accused of a violation of his parole, other than the commission of, and conviction for, a felony or misdemeanor under the laws of this state or the laws of any state where he may then be, he shall be entitled to a fair and impartial hearing of such charges within thirty days from the time that he is served with charges of the violation of conditions of his parole after his arrest and detention.

Petitioner has obtained a federal parole date and the state officials apparently intend to take custody of him pursuant to their administrative order of parole revocation. However, the Board has not yet filed a detainer with the federal officials.

On August 3, 1978, this court held that despite the express terms of RCW 9.95.120 a parolee, convicted of a felony while on parole, is entitled to a hearing before parole is revoked. *In re Akridge,* 90 Wn.2d 350, 581 P.2d 1050 (1978). Petitioner has filed this personal restraint petition contending *Akridge* should be applied retroactively. He also contends that RCW 9.95.120, by is terms, entitles a state parolee, subsequently convicted of a federal offense, to a hearing prior to parole revocation.

Addressing petitioner's second contention, we note that RCW 9.95.120 entitles a parolee to a hearing when accused of having violated parole, except when the alleged violation involves the "commission of, and conviction for, a felony or misdemeanor *under the laws of this state or the laws of any state* where he may then be . . ." (Italics ours.) Petitioner argues that the exception applies only to persons

convicted of state offenses and not to those convicted of federal crimes, *i.e.*, the word "state" does not include the United States. Since he was convicted on federal bank robbery charges, petitioner contends the Board's failure to accord him a hearing prior to revocation of his parole violates the express language of RCW 9.95.120.

Unfortunately, there is no legislative history or manifestation of intent to guide us other than the wording of the statute itself. Consequently, we must resort to traditional rules of statutory construction. *Champion v. Shoreline School Dist. 412,* 81 Wn.2d 672, 504 P.2d 304 (1972).

██ In interpreting a statute, it is the duty of the court to ascertain and give effect to the intent and purpose of the legislature, as expressed in the act. *Burlington Northern, Inc. v. Johnston,* 89 Wn.2d 321, 572 P.2d 1085 (1977). Where statutory language is plain and unambiguous, a statute's meaning must be derived from the wording of the statute itself. *Garrison v. State Nursing Bd.,* 87 Wn.2d 195, 550 P.2d 7 (1976). When the legislature uses words of common meaning, that meaning will be applied to the statutory language unless it results in absurd or incongruous results. *State v. (1972) Dan J. Evans Campaign Comm.,* 86 Wn.2d 503, 546 P.2d 75 (1976); *Alderwood Water Dist. v. Pope & Talbot, Inc.,* 62 Wn.2d 319, 382 P.2d 639 (1963). Applying these basic principles, it is clear the exception in RCW 9.95.120 applies only to convictions under *state* law.[1]

Respondent contends article 2(a) RCW 9.100.010 supports its argument that "state", as used in RCW 9.95.120, includes the United States. However, reference to article 2(a) supports *petitioner's* contention. Article 2(a) specifically defines "state" to include the United States, making it clear that when the legislature intends the word "state" to

---

[1]The doctrine of "ejusdem generis" also supports petitioner's contention. The more general term "or the laws of any state where he may then be" is limited by the more specific preceding words "under the laws of this state". Accordingly, federal convictions are excluded from the exception to RCW 9.95.120.

include the federal jurisdiction, it has done so with language clearly manifesting that intent.[2]

This court having determined that RCW 9.95.120 mandates a fair and impartial hearing for all persons convicted of a federal crime while on state parole, petitioner is entitled to relief under RAP 16.4.

Our decision does not affect the finality of petitioner's original state conviction or his subsequent federal conviction. Additionally, our decision is not intended to affect the ultimate decision of the Board at the required disposition hearing. We hold only that petitioner is entitled to a hearing pursuant to RCW 9.95.120 before his Washington State parole can be revoked.

Having determined that petitioner is entitled to relief under RCW 9.95.120, it is unnecessary to address the issue of the retroactivity of *In re Akridge, supra.*

The cause is referred to the Board for the purpose of reinstating petitioner's state parole and conducting a dispositional hearing pursuant to RCW 9.95.120.

UTTER, C.J., and ROSELLINI, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.

---

[2]We also note the language of RCW 9.95.063 which refers to defendants "imprisoned during the pendency of any post–trial proceeding in any state *or federal court*". (Italics ours.) This illustrates once again that when the legislature intends to include federal proceedings in state parole considerations, it does so with specific language.