[No. 48694-8.   En Banc.   January 20, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. GRAYS
HARBOR COUNTY, ET AL, *Appellants.*

*Curtis M. Janhunen, Prosecuting Attorney for Grays
Harbor County, John Panesko, Jr., Prosecuting Attorney
for Lewis County,* and *Eugene Butler, Chief Civil Deputy,*
for appellants.

*Kenneth O. Eikenberry, Attorney General,* and *Thomas
R. Garlington, Senior Assistant,* for respondent.

DOLLIVER, J.—Defendants Grays Harbor County and
Lewis County seek reversal of the holding of the trial court
that county auditors are without authority to require
the payment of fees from the State for filing and recording
documents.

Traditionally, county auditors in Washington file and
record instruments presented by the State without charge.
In 1979, however, the prosecuting attorneys and auditors of
Grays Harbor and Lewis Counties advised the State of

Washington that their respective county auditors would require the State to pay fees for filing and recording documents. In response, the State of Washington filed a complaint in Thurston County Superior Court seeking a declaratory judgment that the Grays Harbor and Lewis County auditors are without authority to require payment of filing and recording fees from the State and that such practice is contrary to law. Based upon the language in and the legislative history of RCW 43.09.210, we reverse.

That portion of RCW 43.09.210 which has a bearing on this case reads:

> All service rendered by . . . one department, public improvement, undertaking, institution, or public service industry to another, shall be paid for at its true and full value by the department, public improvement, undertaking, institution, or public service industry receiving the same, and no department, public improvement, undertaking, institution, or public service industry shall benefit in any financial manner whatever by an appropriation or fund made for the support of another.

Plaintiff, although not denying the statute requires the payment of fees for filing and recording documents, contends the provision is inapplicable to the State since RCW 43.09.210 is placed in that portion of the code relating to the jurisdiction of the state auditor over municipal corporations.

When interpreting a statute, the duty of the court is to ascertain and give effect to the intent and purpose of the Legislature, as expressed in the act. *In re Lehman,* 93 Wn.2d 25, 27, 604 P.2d 948 (1980). Where statutory language is plain and unambiguous, a statute's meaning must be derived from the wording of the statute itself. *In re Lehman, supra; Garrison v. State Nursing Bd.,* 87 Wn.2d 195, 550 P.2d 7 (1976). *See* Frankfurter, *Some Reflections on the Reading of Statutes,* 47 Colum. L. Rev. 527 (1947). Where a statute is ambiguous, however, or where the language is unclear, the court may resort to extrinsic aids such as legislative history to discern legislative intent. *Whitehead v. Department of Social & Health Servs.,* 92 Wn.2d

265, 268, 595 P.2d 926 (1979); *Ropo, Inc. v. Seattle,* 67 Wn.2d 574, 577, 409 P.2d 148 (1965). *See Garrison v. State Nursing Bd., supra.*

In the present case, the words used to describe the scope of RCW 43.09.210 are ambiguous. The word "department" plainly refers to an administrative division or branch of government, but does not differentiate between state or municipal government. The legislative history of the statute, however, supports the view that it applies to state government as well as to municipal corporations.

█ The Legislature first enacted the requirement that government agencies pay full value for the services rendered by other agencies in Laws of 1909, ch. 76, § 3, p. 137. The 1909 act established in the office of the state auditor a bureau of inspection and supervision of public offices, and provided for a uniform system of public accounting, auditing, and reporting for all public offices. *See also* Laws of 1909, ch. 76, §§ 10, 11, 12.

Laws of 1909, ch. 76 unquestionably pertained to state agencies and section 3, at page 138, included the language now contained in RCW 43.09.210:

> [A]ll service rendered by, or property transferred from, one department, public improvement, undertaking, institution or public service industry to another, shall be paid for at its true and full value by the department . . . receiving the same . . .

In 1921, the Legislature abolished the bureau of inspection and supervision of public offices. Laws of 1921, ch. 7, § 135, p. 68. The duties of the bureau regarding state officers devolved upon the director of efficiency. Laws of 1921, ch. 7, § 47(1), p. 30. The Legislature delegated the bureau's duties regarding county and city officers to the division of municipal corporations of the department of taxation. Laws of 1921, ch. 7, § 55, p. 34. Section 3 of Laws of 1909, ch. 76, was not repealed and the language of that provision remained intact. Significantly, the 1921 act also required all powers and duties of the abolished state offices to remain in effect. This would include the uniform system of accounting

for state and local government agencies. *See* Laws of 1921, ch. 7, § 125, p. 64.

In 1925, the Legislature transferred the division of municipal corporations to the state auditor, returning supervision of county and city officers to that office. Laws of 1925, ch. 18, § 11, p. 40. In 1941, the Legislature transferred supervisory powers over state officers to the newly created division of departmental audits of the state auditor. Laws of 1941, ch. 196, § 2, p. 570. At neither time did the Legislature amend or repeal Laws of 1909, ch. 76, § 3 or Laws of 1921, ch. 7, § 125, nor was authority at any time subsequent to 1921 given to revoke or modify Laws of 1909, ch. 76, § 3. Therefore, the payment of true and full value requirement, as originally enacted, and as it applied to all public offices, including state departments, survived through the 1941 enactment.

The next, and most recent, restatement of the duties of the state auditor's office occurred in 1965. At that time, the Legislature enacted a state government reorganization act, Laws of 1965, ch. 8, p. 498. The 1965 act contained the present RCW 43.09.210. Laws of 1965, ch. 8, at 518.

The 1965 act also contained RCW 43.198.020, which states title headings, chapter headings, and section or subsection headings do not constitute any part of the law. Laws of 1965, ch. 8, p. 740. Furthermore, the 1965 act also included RCW 43.198.010, which states:

> The provisions of this title insofar as they are substantially the same as statutory provisions repealed by this chapter, and relating to the same subject matter, shall be construed as restatements and continuations, and not as new enactments.

Laws of 1965, ch. 8, at 739.

Thus, there is a clear legislative record which demonstrates RCW 43.09.210 continues to apply to state government as it did at the time of its original enactment in 1909.

The pertinent part of RCW 43.09.210 is identical to Laws of 1909, ch. 76, § 3. The 1909 version survived the reorganization acts of 1921, 1925, and 1941 and in all relevant

particulars is identical to RCW 43.09.210. RCW 43.198.010 requires RCW 43.09.210 to be construed as a continuation of the former law, which unquestionably applied to state governmental departments as well as to county and city governments.

Unless there is a specific statutory exemption (*see, e.g.,* RCW 46.16.020 (county exempt from vehicle license fee)), the State and its agencies must pay for filing and recording documents and county auditors must collect the fees.

Reversed.

WILLIAMS, C.J., and ROSELLINI, STAFFORD, UTTER, BRACHTENBACH, DORE, DIMMICK, and PEARSON, JJ., concur.

Reconsideration denied April 4, 1983.