108 P.3d 818 (2005)
126 Wash.App. 285
BALLARD SQUARE CONDOMINIUM OWNERS ASSOCIATION, a Washington nonprofit corporation, Appellant,
v.
DYNASTY CONSTRUCTION COMPANY, a Washington corporation; Shin Lu Mark Liu and Jane Doe Liu, and the marital community composed thereof; Yung Pai Shu Liu and John Doe Liu, and the marital community composed thereof, Respondents,
v.
Wall Finishes, Inc., a Washington corporation, Third-Party Defendant.
Nos. 53856-0-I, 54250-8-I.
Court of Appeals of Washington, Division 1.
March 14, 2005.
*819 Todd Christopher Hayes, Foster Pepper Shefelman PLLC, Todd K. Skoglund, Christopher Richard Casey, Seattle, WA, for Appellant.
Eileen I. McKillop, Heather Dawn Shand Perkins, Seattle, WA, for Respondent.
AGID, J.
¶ 1 A condominium homeowners association appeals a trial court's order dismissing its case on summary judgment. The association sued the condominium's developer, a dissolved corporation, for breach of contract after construction defects caused water damage to the building's exterior walls. The association argues the trial court erred in concluding that their contract claim was barred by both the statute of limitations and the Business Corporation Act. Because the Business Corporation Act does not expressly permit post-dissolution claims against dissolved corporations except during the period in which they are winding up their affairs, and the common law prohibited them, the common law rule still applies and all claims against Dynasty had terminated before the association filed suit. We affirm.

FACTS
¶ 2 Ballard Square is a 20-unit condominium building located in Seattle. Dynasty Construction Company (Dynasty) was Ballard Square's developer and general contractor. Dynasty sold its first Ballard Square unit in May 1992 and completed construction of the building by the end of 1992. The company was administratively dissolved in October 1995. Soon after construction was completed, homeowners noticed water penetration in the subterranean basement and roof and some window condensation. Sometime later, they noticed water penetration in the above-ground exterior walls.
¶ 3 In early 1997, the homeowners filed an insurance claim to cover the cost of repair. The insurance company found water leaking through the exterior stucco finish, but the company paid to repair only those areas that were in an imminent state of collapse. Also in early 1997, engineering investigators visited the condominium building and made exploratory openings in the exterior walls. They reported that portions of the exterior walls in some units were severely decayed, and in some areas the interior gypsum sheathing board and plywood sheathing were wet or damp from water leaking through the stucco siding. Sometime later, an architect looked at the damage and stated that the building "is experiencing severe decay and it is in a state of imminent collapse in certain areas[.]" In the architect's opinion, Dynasty's failure to build the structure in compliance with existing law and/or sound construction standards caused the damage. The estimated cost of repair was over $1.4 million.
¶ 4 In October 2002, the Ballard Square Homeowners Association (Association) sued Dynasty for breach of contract, alleging that Dynasty breached the portion of the Purchase and Sale Agreement Addendum that states that "[t]he Unit and entire project shall be completed substantially in accordance with the plans and specifications prepared, and from time to time amended, by Seller."[1] In April 2004, the trial court dismissed the Association's case on summary judgment.

DISCUSSION
¶ 5 On appeal of a trial court's decision to grant summary judgment, we review questions of law de novo.[2] We consider all *820 facts and reasonable inferences in the light most favorable to the nonmoving party.[3] Absent a genuine issue of any material fact, the moving party is entitled to summary judgment as a matter of law.[4] Summary judgment is proper "only if reasonable persons could reach only one conclusion from all of the evidence."[5]
¶ 6 Dynasty argues that the Association's claim is barred because Dynasty was administratively dissolved in October 1995, seven years before the Association filed its case. At common law, a corporation ceased to exist upon dissolution, and all claims against that corporation were terminated by operation of law.[6] Responding to the inequitable results this rule caused, state legislatures enacted two kinds of statutes. The two are not exclusive, but rather typically exist together in the same statutory scheme. The first continues a corporation's existence during its winding up activities, allowing the corporation to sue and be sued while winding up.[7] Most states have enacted this kind of statute.[8] The second enables a dissolved corporation to sue and be sued independent of its winding up activities.[9] These statutes are known as "survival" statutes, and they typically preserve a remedy against a corporation for a finite period after the dissolution date.[10] All states have adopted a survival statute.[11]
¶ 7 Washington's Business Corporation Act, chapter 23B.14 RCW, contains both types of statutes. RCW 23B.14.050 states that "[a] dissolved corporation continues its existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs [.]"[12] The statute also provides that a corporation's dissolution does not prevent the commencement of a proceeding against the corporation in its corporate name.[13] Because chapter 23B.14 RCW deals exclusively with corporate dissolutions and sections .050 and .210 deal with post-dissolution winding up and liquidation, these provisions permit lawsuits by and against a corporation so long as it is still in the process of winding up its affairs. Washington's survival statute, RCW 23B.14.340, states that a corporation's dissolution "shall not take away or impair any remedy available against such corporation [...] for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution."[14]
¶ 8 Citing RCW 23B.14.340, Dynasty argues that the Association's claim is barred because Dynasty dissolved in 1995 and the Association did not file its claim within two years of the dissolution. The Association responds that the two year period applies *821 only to claims that existed before the corporation dissolved, and because its claim accrued after Dynasty's dissolution, RCW 23B.14.340 does not bar the action. The parties therefore raise two issues involving the interpretation of RCW 23B.14.340: (1) does the statute apply to actions that arise after dissolution; and (2) if the statute does not apply to actions arising after dissolution, what limits, if any, do parties raising post-dissolution claims face? Dynasty bears the burden of proving that the statute bars the present action.[15]

I. RCW 23B.14.340 does not apply to actions arising after dissolution.

¶ 9 In deciding whether RCW 23B.14.340 provides a two year limitation period for claims that did not exist until after the corporation dissolved, we must determine the Legislature's intent and purpose as it is expressed in the act[16] by looking to the statutory scheme as a whole.[17] We must first decide whether its language is ambiguous; that is, whether it is capable of more than one reasonable interpretation.[18] If the language is plain and unambiguous, we determine its meaning from the statute itself.[19] But if it is ambiguous or unclear, we may look to legislative history to discern legislative intent.[20]
¶ 10 RCW 23B.14.340 is not ambiguous. It clearly applies only to claims existing before a corporation dissolves. The "claim existing ... prior to such dissolution" language is clear.[21] To hold that the statute applies to both pre-dissolution and post-dissolution claims would render the "prior to" language meaningless, something we cannot do.[22]
¶ 11 Both the legislative history and Washington case law also support our conclusion that the survival statute only applies to pre-existing claims. Washington's previous survival statute, RCW 23A.28.250, is almost identical to RCW 23B.14.340 and contains the same "claim existing ... prior to such dissolution" language. The previous statute was *822 enacted in 1965,[23] and it used the same language as that found in early versions of the Model Business Corporation Act (MBCA).[24] But scholars repeatedly expressed concern about the MBCA's language because it caused confusion about post-dissolution claims. In response to this concern, the 1984 Revised Model Business Corporation Act (RMBCA) added two new sections.[25] Section 14.06 provides for claims known at the time of dissolution, requiring the dissolving corporation to notify all known claimants of its dissolution and give those claimants a limited period of time in which to file a claim. Section 14.07 addresses claims unknown at the time of dissolution and provides a five year period in which post-dissolution claims must be filed.[26]
¶ 12 In 1989, the Washington Legislature repealed its 1965 corporations act and enacted chapter 23B RCW, including RCW 23B.14.340.[27] In its comments to chapter 23B, the Legislature stated that it substantially relied on the provisions, purposes, and principles of the 1984 RMBCA.[28] In doing so, it adopted section 14.06, which is now codified as RCW 23B.14.060. But the Legislature declined to adopt section 14.07 which would permit claims that were discovered within 5 years of a corporate dissolution.[29] It also confusingly enacted RCW 23B.14.340, which the RMBCA intended to be supplanted by sections 14.06 and 14.07. The Legislature's failure to eliminate the "prior to such dissolution" language of RCW 23B.14.340, combined with its rejection of section 14.07, compels the conclusion that it intended that the survival statute apply only to claims existing before the corporation dissolved.
¶ 13 We previously reached a similar conclusion in Smith v. Sea Ventures, Inc., where we held that RCW 23B.14.340 does not govern post-dissolution claims based on pre-dissolution contractual rights.[30] In that case, the plaintiff entered into a contract with a corporation in 1990, the corporation dissolved in 1993, and the corporation's former shareholders breached the 1990 contract several years after the corporation dissolved. The plaintiff sued the shareholders, but the trial court determined that RCW 23B.14.340 barred the case. In reversing the trial court, this court noted that Washington's statute was based upon section 14.06 of the Model Business Corporations Act (Model Act).[31] According to the Model Act's official comments, section 14.06 was "not intended to cover claims which are contingent or arise based on events occurring after the effective date of dissolution."[32] That role was reserved for section 14.07. We held that the fact the Legislature adopted section 14.06 but not section 14.07 suggested its intent to place a time restriction only on claims existing *823 before the corporation's dissolution.[33] Therefore, in Smith, because the plaintiff's identity and the nature of his potential claim were known before the dissolution by virtue of the 1990 contract, but any potential claim was not ripe by the time the corporation dissolved,[34] the survival statute did not apply to the case.[35]
¶ 14 Based on the statute's plain language and Smith v. Sea Ventures, Inc., we hold that RCW 23B.14.340 does not apply to post-dissolution claims and therefore it does not bar the Association's action.

II. In the absence of legislative enactment, claims arising after dissolution are governed by common law and thus are precluded.

¶ 15 In this case, we must answer the question not raised in Sea Ventures: that is, because the Association's claim arose after Dynasty dissolved, what, if any, time limitations apply to its post-dissolution claim.[36] Dynasty argues that in the absence of RCW 23B.14.340, the common law rule applies, and a party with a post-dissolution claim may no longer sue. In other words, it argues that because RCW 23B.14.340 abrogated the common law rule that one cannot assert a claim against a dissolved corporation, a claim falling outside of the statute simply cannot stand. The issue of how to treat post-dissolution claims in light of survival statutes has caused a great deal of confusion.[37]
¶ 16 As discussed above, sections 14.06 and 14.07 of the 1984 RMBCA were enacted to remedy this confusion. And while the Washington Legislature adopted section 14.06, establishing a survival period for pre-dissolution claims, it expressly declined to adopt section 14.07, which establishes a survival period for post-dissolution claims.[38] "Absent an indication that the Legislature intended to overrule the common law, new legislation will be presumed to be consistent with prior judicial decisions."[39] The Legislature's decision not to adopt section 14.07 indicates its intent to retain the common law rule in the context of post-dissolution claims. Thus we turn to common law to resolve the issue. And, as we stated above, the common law rule is that claims against corporations terminate upon the corporation's dissolution. The Association disagrees, arguing that the statute continuing a corporation's existence during an indefinite winding up period (RCW 23B.14.050) applies instead of the common law rule because it was also created to supplant the common law rule. But RCW 23B.14.050 continues a corporation's existence indefinitely for the purposes of winding up and does not address claims arising after a corporation has completed the winding up process. In light of the Legislature's refusal to adopt section 14.07, we cannot interpret 23B.14.050 as doing what the Legislature refused to do. Nor can we assume that the *824 Legislature intended that post-dissolution claims survive indefinitely, because the statute does not support the assumption.
¶ 17 We encourage the Legislature to adopt section 14.07, as it would resolve the conundrum the present statute creates. There are competing policy considerations in play here. "An absolute bar to causes of action based upon post-dissolution claims certainly is unreasonable."[40] But at the same time, "permitting post-dissolution claims to be maintained as though there were no survival statute and no bar defeats the policy goal of certainty and definiteness for former shareholders and directors of dissolved corporations. Certainty and definiteness should not be totally abandoned in favor of protecting claimants."[41] Adopting section 14.07 would also make Washington's Business Corporation Act more consistent with the Revised Act and with other states that have adopted the 1984 RMBCA. But unless and until the Legislature adopts this section, or something similar, we have no statutory basis on which to allow a post-dissolution claim to proceed.
¶ 18 Under the common law rule, all claims against a corporation terminate upon its dissolution. By statute, claims arising after dissolution survive only during the period necessary for a corporation to wind up its affairs. Because Washington's Business Corporation Act does not provide for the survival of any other post-dissolution claims, the common law rule applies. The trial court properly dismissed the Association's claim.[42]
¶ 19 We affirm.[43]
WE CONCUR: SCHINDLER and KENNEDY, JJ.
NOTES
[1] Dynasty then filed a third-party complaint against Wall Finishes, the stucco siding subcontractor. The trial court stayed Dynasty's claims against Wall Finishes pending the outcome of this appeal. Wall Finishes is not a party to this appeal.
[2] Mains Farm Homeowners Ass'n v. Worthington, 121 Wash.2d 810, 813, 854 P.2d 1072 (1993).
[3] Mason v. Kenyon Zero Storage, 71 Wash.App. 5, 8-9, 856 P.2d 410 (1993).
[4] Condor Enters., Inc. v. Boise Cascade Corp., 71 Wash.App. 48, 54, 856 P.2d 713 (1993) (citing CR 56(c); Marincovich v. Tarabochia, 114 Wash.2d 271, 274, 787 P.2d 562 (1990)).
[5] Hansen v. Friend, 118 Wash.2d 476, 485, 824 P.2d 483 (1992) (citing Wilson v. Steinbach, 98 Wash.2d 434, 437, 656 P.2d 1030 (1982)).
[6] Bortle v. Osborne, 155 Wash. 585, 597, 285 P. 425 (1930).
[7] 16A Fletcher Cyclopedia Corporations § 8144 (Perm. Ed.2003) (citing § 8142). See also RCW 23B.14.050.
[8] Fletcher Cyc. Corp. at § 8144 (citing § 8142).
[9] Id. (citing Leader Buick, GMC Trucks, Inc. v. Weinmann, 841 So.2d 34 (La.App.2003); Winston v. Stewart & Elder, P.C., 2002 OK 68, 55 P.3d 1063). See also RCW 23B.14.340.
[10] Fletcher Cyc. Corp. at § 8144. A survival statute differs from a statute of limitations in that a survival statute extends the life of a corporation for a limited time so that it may sue or be sued, while a statute of limitations affects the time in which a stale claim may be brought. Swindle v. Big River Broad. Corp., 905 S.W.2d 565, 568 (Tenn.Ct.App.1995) (citing M.S. v. Dinkytown Day Care Ctr., Inc., 485 N.W.2d 587, 589 (S.D.1992)).
[11] Fletcher Cyc. Corp. at § 8144.
[12] RCW 23B.14.050(1). See also RCW 23B.14.210(3) (an administratively dissolved corporation continues its corporate existence in order to wind up and liquidate its business and affairs).
[13] RCW 23B.14.050(2)(e).
[14] (Emphasis added.)
[15] State v. Riker, 123 Wash.2d 351, 366-67, 869 P.2d 43 (1994) (citing State v. Camara, 113 Wash.2d 631, 639-40, 781 P.2d 483 (1989); State v. Rice, 102 Wash.2d 120, 122-26, 683 P.2d 199 (1984); State v. Moses, 79 Wash.2d 104, 110, 483 P.2d 832 (1971), cert. denied, 406 U.S. 910, 92 S.Ct. 1612, 31 L.Ed.2d 822 (1972); State v. Mays, 65 Wash.2d 58, 68, 395 P.2d 758 (1964), cert. denied, 380 U.S. 953, 85 S.Ct. 1086, 13 L.Ed.2d 970 (1965); State v. Knapp, 54 Wash.App. 314, 320-22, 773 P.2d 134, review denied, 113 Wash.2d 1022, 781 P.2d 1323 (1989); State v. Gilcrist, 25 Wash.App. 327, 328-29, 606 P.2d 716 (1980)) (the defendant generally bears the burden of proving an affirmative defense). See also Shute v. Chambers, 142 Ill.App.3d 948, 951-52, 492 N.E.2d 528, 97 Ill.Dec. 92 (1986) (the defense that an action was untimely under a corporate dissolution statute is an affirmative defense).
[16] State v. Grays Harbor County, 98 Wash.2d 606, 608, 656 P.2d 1084 (1983) (citing In re Lehman, 93 Wash.2d 25, 27, 604 P.2d 948 (1980)).
[17] Auto. Drivers & Demonstrators Union Local No. 882 v. Dep't of Retirement Sys., 92 Wash.2d 415, 420, 598 P.2d 379 (1979) (citing Hartman v. Wash. State Game Comm'n, 85 Wash.2d 176, 532 P.2d 614 (1975)), appeal dismissed, cert. denied, 444 U.S. 1040, 100 S.Ct. 724 (1980).
[18] Edelman v. State ex. rel. Pub. Disclosure Comm'n, 116 Wash.App. 876, 882-83, 68 P.3d 296 (2003) (citing Vashon Island Comm. for Self-Gov't v. Wash. State Boundary Review Bd. for King County, 127 Wash.2d 759, 771, 903 P.2d 953 (1995)), aff'd, 152 Wash.2d 584, 99 P.3d 386 (2004).
[19] Grays Harbor County, 98 Wash.2d at 608, 656 P.2d 1084 (citing Lehman, 93 Wash.2d at 27, 604 P.2d 948; Garrison v. Wash. State Nursing Bd., 87 Wash.2d 195, 196, 550 P.2d 7 (1976)).
[20] Id. at 607-08, 656 P.2d 1084 (citing Whitehead v. Dep't of Soc. & Health Servs., 92 Wash.2d 265, 268, 595 P.2d 926 (1979); Ropo, Inc. v. City of Seattle, 67 Wash.2d 574, 577, 409 P.2d 148 (1965); Garrison, 87 Wash.2d at 196, 550 P.2d 7).
[21] See D. Gilbert Friedlander & P. Anthony Lannie, Post-Dissolution Liabilities of Shareholders and Directors for Claims Against Dissolved Corporations, 31 VAND. L.REV. 1363, 1370 (1978) ("by its own terms [the survival statute] applies only to pre-dissolution claims.").
[22] See id. at 1376 ("Treating post-dissolution claims in the same way as predissolution claims in effect renders the [`prior to such dissolution'] language meaningless."). We may not interpret a statute in a way that renders another statutory portion meaningless or superfluous. Whatcom County v. City of Bellingham, 128 Wash.2d 537, 546, 909 P.2d 1303 (1996) (citing Stone v. Chelan County Sheriff's Dep't, 110 Wash.2d 806, 810, 756 P.2d 736 (1988); Tommy P. v. Bd. of County Comm'rs, 97 Wash.2d 385, 391, 645 P.2d 697 (1982)).
[23] Laws of 1965, ch. 53, § 108.
[24] In 1946, the American Bar Association's Corporate Law Committee first published the Model Business Corporation Act (MBCA). Since that time, the Committee has continuously revised the Act. In 1960 and 1964, the Committee published annotated versions of the MBCA, and in 1984 it published the Revised Model Business Corporation Act (RMBCA). See Wayne N. Bradley, An Empirical Study of Defective Incorporation, 39 EMORY L.J. 523, 532-33 (1990).
[25] See Official Comment, Revised Model Business Corporation Act (1984) § 14.07 ("Earlier versions of the Model Act did not recognize the serious problem created by possible claims that might arise long after the dissolution process was completed and the corporate assets distributed to shareholders.").
[26] The 2000 amendment to the RMBCA reduced the time limit from five years to three years. Fletcher Cyc. Corp. at § 8144.10.
[27] Laws of 1989, ch. 165, §§ 167, 204.
[28] Senate Journal, 51st Leg., cmt. at 2983 (Wash.1989).
[29] Id. at 3095-96.
[30] 93 Wash.App. 613, 618-19, 969 P.2d 1090, review denied, 138 Wash.2d 1003, 984 P.2d 1034 (1999).
[31] Id. at 617-18, 969 P.2d 1090.
[32] Id. at 618, 969 P.2d 1090 (emphasis added) (citing David B. Hunt, Tort Law  Towards a Legislative Solution to the Successor Products Liability Dilemma  Niccum v. Hydra Tool Corp., 438 N.W.2d 96 (Minn.1989), 16 WM. MITCHELL L.REV. 581, 597-98 (1990); Ann E. Conaway Stilson, Re-examining the Fiduciary Paradigm at Corporate Insolvency and Dissolution: Defining Directors' Duties to Creditors, 20 DEL. J. CORP. L. 1, 14 n. 44 (1995)).
[33] Id.
[34] Id. at 617, 969 P.2d 1090.
[35] Id. at 619, 969 P.2d 1090.
[36] In Sea Ventures, the shareholders, not the corporation, had appropriated fishing rights belonging to Smith, the purchaser. This court held that "where shareholders have taken affirmative steps to appropriate those assets, after corporate dissolution," an injured party may recover "corporate assets distributed to former shareholders upon dissolution ... in certain cases." This court permitted Smith to proceed against the offending shareholders personally. Id. at 618-19, 969 P.2d 1090.
[37] See, e.g., Audrey J. Anderson, Corporate Life After Death: CERCLA Preemption of State Corporate Dissolution Law, 88 MICH L.REV. 131, 154 (1989) (courts are unsure how strictly they should apply survival statutes and they have had difficulty applying these statutes "because [their] language provides no guidance regarding claims that arise after dissolution."); Friedlander & Lannie, 31 VAND. L.REV. at 1365 (the pre-1984 MBCA's survival statute "does not resolve clearly any of the major post-dissolution liability issues. Its ambiguous language has furnished litigants and courts with little guidance in determining the legislatively intended answers to key issues."). As we noted above, section 14.07 was included in the new Model Act to answer this question.
[38] Senate Journal, 51st Leg., cmt. at 2983, 3095 (Wash.1989).
[39] Matter of Marriage of Williams, 115 Wash.2d 202, 208, 796 P.2d 421 (1990) (citing State v. Calderon, 102 Wash.2d 348, 351, 684 P.2d 1293 (1984); State v. McCullum, 98 Wash.2d 484, 493, 656 P.2d 1064 (1983); Glass v. Stahl Specialty Co., 97 Wash.2d 880, 887-88, 652 P.2d 948 (1982); Green Mt. Sch. Dist. 103 v. Durkee, 56 Wash.2d 154, 161, 351 P.2d 525 (1960)).
[40] Friedlander & Lannie, 31 VAND. L.REV. at 1410.
[41] Id. at 1411.
[42] Some scholars have discussed a "trust fund" theory as the most viable way for a post-dissolution claim to survive. It would permit a creditor to sue the directors and shareholders of a dissolved corporation on the theory that the corporation's assets were distributed to the shareholders under a creditor's lien. See, e.g., Anderson, 88 MICH. L.REV. at 150-52; Friedlander & Lannie, 31 VAND. L.REV. at 1366-69. We do not discuss this theory here, as neither party raised it.
[43] Dynasty also argues that the Association's claim is barred by the statute of limitations for a variety of reasons. But because we decide this case on other grounds, we need not address these arguments.