Honorable Brian Sullivan State Representative, 21st District P.O. Box 40600 Olympia, WA 98504-0600
Dear Representative Sullivan:
By letter previously acknowledged, you have requested our opinion on the following paraphrased questions:
 1. If a city chooses not to impose the optional sales and use tax authorized by RCW 82.14.030(2), would the revenue from that tax go instead to the county in which the city was located?
 2. If a city chooses to impose a local real estate excise tax authorized by RCW 82.46.010 in lieu of the optional sales and use tax authorized by RCW 82.14.030(2), may the city enter into an agreement with a county under which the city would receive a portion of the optional sales and use tax imposed by the county under RCW 82.14.030(2)?
 BRIEF ANSWER
The answer to your first question depends upon whether the county governing body has imposed a sales and use tax under RCW 82.14.030(2). If the county has imposed the tax, it can collect that tax even though a city located within the county chooses to repeal the sales and use [original page 2] tax it imposed under RCW 82.14.030(2). The answer to your second question is no, unless the transfer of tax revenue is done pursuant to a local service agreement authorized by RCW 36.115.
 BACKGROUND
Your questions concern the optional sales and use tax and real estate excise tax that the Legislature has authorized cities and counties to impose. Cities and counties may impose two sales and use taxes. First, RCW 82.14.030(1) provides:
 (1) The governing body of any county or city while not required by legislative mandate to do so, may,
by resolution or ordinance for the purposes authorized by this chapter, fix and impose a sales and use tax in accordance with the terms of this chapter.
(Emphasis added.)
RCW 82.14.030 also sets out the rate of the tax. The rate for the county "shall be five-tenths of one percent of the selling price (in the case of a sales tax) or value of the article used (in the case of a use tax)." RCW 82.14.030(1). The tax rate for the city "shall not exceed five-tenths of one percent of the selling price (in the case of a sales tax) or value of the article used (in the case of a use tax)." RCW 82.14.030(1). Thus, the rate of the sales and use tax in the county is fixed — it "shall be five-tenths of one percent". RCW 82.14.030(1). The rate of the tax for the city is not — it "shall not exceed five-tenths of one percent". RCW 82.14.030(1). The city tax is imposed within the municipal boundaries of the city. The county tax is imposed within the boundaries of the county, which includes any cities located within the county. If both the city and county impose the sales and use tax, RCW 82.14.030 provides that the rate of the tax imposed by the city "shall not exceed four hundred andtwenty-five one-thousandths of one percent." RCW 82.14.030(1) (emphasis added).
Second, RCW 82.14.030 authorizes cities and counties to impose an additional sales and use tax. RCW 82.14.030(2) provides that "in addition to the tax authorized in subsection (1) of this section, the governing body of any county or city may by resolution or ordinance impose an additional sales and use tax in accordance with the terms of this chapter." The rate of the tax imposed by the county "shall be up to five-tenths of one percent of the selling price (in the case of a sales tax) or value of the article used (in the case of a use tax)." RCW 82.14.030(2). Similarly, the rate of the tax imposed by a city "shall be up to five-tenths of one percent of the selling price (in the case of a sales tax) or value of the article used (in the case of a use tax)." RCW 82.14.030(2). Thus, for the sales and use tax imposed under RCW 82.14.030(2), both cities and counties can determine how much of the maximum five-tenths of one percent tax to impose.
RCW 82.14.030(1) and (2) authorize both the city and the county to impose a sales and use tax. To prevent residents of the city from paying both the city tax and the county tax, RCW 82.14.040
requires that the city tax be credited against the county tax. RCW 82.14.040(1) and (2) state:
 [original page 3] (1) Any county ordinance
adopted under RCW 82.14.030(1) shall contain, in addition to all other provisions required to conform to this chapter, a provision allowing a credit against the county tax imposed under RCW 82.14.030(1) for the full amount of any city sales or use tax imposed under RCW 82.14.030(1) upon the same taxable event.
 (2) Any county ordinance adopted under RCW 82.14.030(2) shall contain, in addition to all other provisions required to conform to this chapter, a provision allowing a credit against the county tax imposed under RCW 82.14.030(2) for the full amount of any city sales or use tax imposed under RCW 82.14.030(2) upon the same taxable event up to the additional tax imposed by the county under RCW 82.14.030(2).
(Emphasis added.)
Under the credit provision in RCW 82.14.040(1), the sales and use tax imposed under RCW 82.14.030(1) would be divided as follows: Since the county has imposed a sales and use tax with a rate of .5 percent, the rate of the city tax is limited to .425 percent. This amount would be credited against the county tax so that the city would receive .425 percent and the county would receive .075 percent.
Under the credit provision in RCW 82.14.040(2), the sales and use tax imposed by the city under RCW 82.14.030(2) must also be credited against the tax imposed by the county under RCW 82.14.030(2). Under RCW 82.14.030(2), the city and the county can each impose a tax up to .5 percent. If the city imposed the entire .5 percent, the credit would eliminate the county sales and use tax. If the city imposed the tax at a rate less than that imposed by the county, the county would receive a portion of its tax. For example, if the city imposed a tax of .25 percent and the county imposed a tax of .5 percent, the county would receive a tax of .25 percent after the application of the credit (.5 county tax — .25 credit for city tax = .25). The net result of these credits is that the maximum local sales and use tax that may be imposed in a city or a county is one percent.
To ease the financial impact of the credit taken against the county sales and use tax, the Legislature requires the city to pay the county a percentage of its sales and use tax. RCW 82.14.030(2) provides that if "a county shall impose a sales anduse tax under this subsection at a rate equal to or greaterthan the rate imposed under this subsection by a city within the county, the county shall receive fifteen percent of the citytax". (Emphasis added.) On the other hand, if the "county shall impose a sales and use tax under this subsection at a rate which is less than the rate imposed under this subsection by a city within the county, the county shall receive that amount ofrevenues from the city tax equal to fifteen percent of the rateof tax imposed by the county under this subsection." RCW 82.14.030(2) (emphasis added).
Although RCW 82.14.030(1) and (2) set out the rate of the tax cities and counties may impose and the percentage of city tax that must be paid to the county, a city and a county may agree to alter both the rates and the percentages. RCW 82.14.032 provides that the "rate of sales and use tax imposed by a city under RCW 82.14.030 (1) and (2) may be altered pursuant to a [originalpage 4] government service agreement as provided in RCW 36.115.040 and 36.115.050." RCW 82.14.034 provides that the "percentage of a city's sales and use tax receipts that a county receives under RCW 82.14.030 (1) and (2) may be altered pursuant to a government service agreement as provided in RCW 36.115.040
and 36.115.050." RCW 36.115.040 and .050 set out a procedure for local governments to enter into service agreements.
Your questions also involve the real estate excise tax that cities and counties are authorized to impose under RCW 82.46.010. Once again, the Legislature authorizes both cities and counties to impose two real estate excise taxes. First, RCW 82.46.010(2) provides:
 (2) The legislative authority of any county or any city may impose an excise tax on each sale of real property in the unincorporated areas of the county for the county tax and in the corporate limits of the city for the city tax at a rate not exceeding one-quarter of one percent of the selling price.
(Emphasis added.) Under RCW 82.46.010(2), both cities and counties are authorized to impose the real estate excise tax. The city tax would apply to sales of real property within the city, and the county tax would apply to sales of real property within the county.
Second, the Legislature authorized cities and counties to impose an additional real estate excise tax in lieu of the sales and use tax authorized under RCW 82.14.030(2). RCW 82.46.010(3) provides:
 (3) In lieu of imposing the tax authorized in RCW 82.14.030(2), the legislative authority of any county or any city may impose an additional excise tax on each sale of real property in the unincorporated areas of the county for the county tax and in the corporate limits of the city for the city tax at a rate not exceeding one-half of one percent of the selling price.
(Emphasis added.)
Like the real estate excise tax authorized in RCW 82.46.010(2), the city tax would apply only to sales of property within the corporate limits of the city. The county tax would apply only to sales of property in the unincorporated areas of the county. If a city or a county imposed both real estate excise taxes authorized by RCW 82.46.010(2) and (3), the rate of the two taxes together would be .75 percent of the selling prices.
 ANALYSIS
We begin with basic principles of statutory construction. "The primary goal of statutory interpretation is to ascertain and give effect to the legislature's intent and purpose." Dep't of Labor Indus. v. Gongyin, 154 Wn.2d 38, 44, 109 P.3d 816 (2005). "This is done by considering the statute as a whole, giving effect to all that the legislature has said, and by using related statutes to help identify the legislative intent embodied in the provision in question." Id., 154 Wn.2d at 45. "If the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent."State v. Jacobs, 154 Wn.2d 596, 600, [original page 5]115 P.3d 281 (2005). "The `plain meaning' of a statutory provision is to be discerned from the ordinary meaning of the language at issue, as well as from the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole." Id., 154 Wn.2d at 600. "Statutes are construed wherever possible so that no portion is superfluous." Gimlett v.Gimlett, 95 Wn.2d 699, 703, 629 P.2d 450 (1981).
1. If a city chooses not to impose the optional sales and usetax authorized by RCW 82.14.030(2), would the revenue from thattax go instead to the county in which the city was located?
Your first question asks whether a county can collect the additional sales and use tax authorized by RCW 82.14.030(2) if a city within the county chooses not to impose that tax. RCW 82.14.030(2) authorizes the governing body of both the city and the county to impose this tax. This question is answered by considering the plain meaning of RCW 82.14.030(2), which authorizes the imposition of the sales and use tax, and RCW 82.14.040(2), which requires that the city sales and use tax be credited against any county sales and use tax. The answer to your question depends on whether the governing body of the county has imposed the sales and use tax authorized by RCW 82.14.030(2). For example, if a city imposed the tax and the county did not, the tax would be imposed only within the city limits, and all the revenue from the tax would go to the city. The county would receive no revenue from the tax. If the city later discontinued the tax, there would be no sales and use tax imposed under RCW 82.14.030(2), and neither the city nor the county would receive revenue from the tax, since neither jurisdiction imposed the tax.
The result would be different if the governing bodies of both a city and a county imposed the tax authorized under RCW 82.14.030(2). For example, if both the city and the county imposed the maximum tax authorized by RCW 82.14.030(2)-.5 percent — the county would not receive any of the sales and use tax it imposed for sales made in the city. Under the credit required by RCW 82.14.040(2), the city tax would be credited against the county tax, and if the rate of two taxes were the same, the city tax would cancel out the county tax. Instead of receiving sales and use tax for sales made within the city, the county would receive payments from the city authorized by RCW 82.14.030(2). In this example, the county would receive fifteen percent of the city tax, because the county imposed the tax at the same rate as the city. In this situation, if the city repealed the sales tax imposed under RCW 82.14.030(2), it would have the effect of eliminating the credit that cancelled out the county sales and use tax. Thus, the county would receive the full amount of the sales and use tax it imposed upon sales within the city limits and would no longer receive payments from the city. For city taxpayers, the tax rate would remain the same, but the county, and not the city, would begin to receive all of the revenue from the tax in question.
The key question, then, is whether the county governing body has acted to impose the sales and use tax under RCW 82.14.030(2). A city's decision not to impose the sales and use tax under RCW 82.14.030(2) in no way lessens the authority of the county to impose the tax. The city's decision to stop collecting the tax simply eliminates the credit that cancelled out the sales and use tax the county would otherwise receive. By contrast, if the county has never imposed any sales tax under RCW 82.14.030(2), the city's decision to stop imposing the tax would simply result in a reduction of the total tax collected.
[original page 6] 2. If a city chooses to impose a localreal estate excise tax authorized by RCW 82.46.010 in lieu of theoptional sales and use tax authorized by RCW 82.14.030(2), maythe city enter into an agreement with a county under which thecity would receive a portion of the optional sales and use taximposed by the county under RCW 82.14.030(2)?
As the phrasing of the question indicates, a city may not simultaneously impose both the sales and use tax authorized by RCW 82.14.030(2) and the real estate excise tax authorized by RCW 82.46.010. RCW 82.46.010(3) provides:
 (3) In lieu of imposing the tax authorized in RCW 82.14.030(2), the legislative authority of any county or any city may impose an additional excise tax on each sale of real property in the unincorporated areas of the county for the county tax and in the corporate limits of the city for the city tax at a rate not exceeding one-half of one percent of the selling price.
(Emphasis added.) The "Legislature used the words `in lieu of', and the ordinary meaning of these words is `instead of'". Statev. Murrin, 85 Wn. App. 754, 759, 934 P.2d 728 (1997). Thus, RCW 82.46.010(3) authorizes a city to impose the real estate excise tax instead of the sales and use tax authorized under RCW 82.14.030(2).
Assuming that a city lacks authority to impose both taxes, this question asks whether a county could impose the sales and use tax authorized by RCW 82.14.030(2) and then enter into an agreement with a city to give the city some of this tax revenue collected by the county. The upshot of this agreement is that the city would receive revenue from the real estate excise tax imposed under RCW 82.46.010, and it would also receive a part of the revenue from the sales tax imposed under RCW 82.14.030(2) to the extent the county agreed to share the revenue. The statutes authorizing cities and counties to impose a sales and use tax do not directly address this question. RCW 82.14.034 does provide that the "percentage of a city's sales and use tax receipts that a county receives under RCW 82.14.030(1) and (2) may be altered pursuant to a government service agreement as provided in RCW 36.115.040 and 36.115.050." However, this applies only when both the city and the county are imposing the sales and use tax and the city is making payments to the county. This statute does not address the authority of the county to share sales tax revenue with a city where the city is not imposing any sales tax under RCW 82.14.030(2).
Related statutes do give an indication of legislative intent in this area. RCW 36.115 authorizes local governments, including cities and counties, to enter into service agreements. The purpose of these service agreements is "to establish a flexible process by which local governments enter into service agreements that will establish which jurisdictions should provide various local government services and facilities within specified geographic areas and how those services and facilities will be financed." RCW 36.115.010. A service agreement must describe:
 (a) The governmental service or services addressed by the agreement; (b) the geographic area covered by the agreement; (c) which local government or local governments are to provide each of the governmental services addressed by the [original page 7]
agreement within the geographic area covered by the agreement; and (d) the term of the agreement, if any.
RCW 36.115.040(2).
The Legislature expressly provided that service agreements may include a "transfer of revenues between local governments in relationship to their obligations for providing governmental services". RCW 36.115.050(6). The fact that the Legislature has established a procedure for transferring funds between local governments persuades us that the city and the county cannot simply agree that the county will gratuitously transfer to the city some of the sales and use tax revenue the county collects under RCW 82.14.030(2).[1] If the city and the county had that authority, it would render local service agreements superfluous. Furthermore, as noted above, RCW 82.46.010(3) requires cities to choose between imposing the sales and use tax in question and the real estate excise tax. An affirmative answer to your second question would allow a city to escape the consequences of its choice by collecting revenue from both sources — exactly what the Legislature chose to foreclose with its "in lieu of" language. Thus, we conclude that the answer to question two is no. Unless the transfer of funds from the county to the city is done pursuant to a local service agreement, including a description of services to be provided in consideration for revenues transferred, a county lacks authority to transfer sales and use tax revenue to a city which has chosen to impose a real estate excise tax in lieu of a sales and use tax.
We trust that this opinion will be of assistance to you.
Sincerely,
WILLIAM B. COLLINS Deputy Solicitor General
:pmd
[1] In this connection, we note also the possible relevance of RCW 43.09.210 (a statute which requires governments to pay true and fair value when transferring funds or property from one fund to another in the absence of specific statutory authority to do otherwise). The courts have applied this statute to transactions between governments, as well as those within a single government.State v. Grays Harbor Cy., 98 Wn.2d 606, 656 P.2d 1084 (1983).See also AGO 1997 No. 5 (discussing "full value" requirement).