**NOTICE:  SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
FEBRUARY 23, 2023

*González, C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
FEBRUARY 23, 2023

ERIN L. LENNON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| LAKESIDE INDUSTRIES, INC., | ) | No. 100497-4 |
| Petitioner, | ) | |
| v. | ) | En Banc |
| WASHINGTON STATE DEPARTMENT OF REVENUE, | ) | |
| Respondent. | ) | Filed: February 23, 2023 |

YU, J. — This case asks what procedure a taxpayer must follow to challenge the Department of Revenue's (DOR's) tax reporting instructions.

DOR issued instructions to Lakeside Industries Inc. regarding the valuation of Lakeside's self-manufactured asphalt products. This valuation determines the amount of use tax that Lakeside must pay to use its asphalt in public road construction projects. Lakeside did not follow DOR's instructions and, instead, petitioned for judicial review pursuant to the Administrative Procedure Act (APA), ch. 34.05 RCW. We hold that the APA's general review provisions do not apply

*Lakeside Indus. v. Dep't of Revenue*, No. 100497-4

to Lakeside's nonconstitutional tax challenge. To obtain judicial review of DOR's tax reporting instructions, Lakeside must follow the specific procedures for tax challenges set forth in Title 82 RCW (Title 82). Therefore, Lakeside's APA petition for judicial review was properly dismissed for failure to state a claim. We therefore affirm the Court of Appeals.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The material facts of this case are not disputed. Lakeside Industries Inc. is an asphalt manufacturer, retailer, and paving company. As part of its business, Lakeside performs public road construction projects using its own "self-manufacture[d]" asphalt products. Clerk's Papers (CP) at 2. In accordance with WAC 458-20-171, Lakeside must pay a "use tax" on this self-manufactured asphalt. Broadly speaking, "use tax supplements the retail sales tax" by taxing the use, in Washington, of "any article of tangible personal property" for which the user "has not paid retail sales tax." *Id.* at 129 (citing RCW 82.12.020; WAC 458-20-178). The amount of use tax that Lakeside must pay is determined by the value of its self-manufactured asphalt. RCW 82.12.020(4).

For a number of years, Lakeside reported the value of its self-manufactured asphalt based on the cost of producing it. However, DOR conducted a partial audit of Lakeside's motor vehicle sales in 2018. The audit "resulted in no tax adjustment or assessment of additional taxes due by Lakeside with respect to its

*Lakeside Indus. v. Dep't of Revenue*, No. 100497-4

motor vehicle sales," but DOR did instruct Lakeside to use a different valuation method for its self-manufactured asphalt. CP at 2-3. Rather than the "cost basis" Lakeside had been using, DOR instructed Lakeside to value its asphalt "based on comparable sales of like products and quantities." *Id.* at 150-51 (underlining and boldface omitted). DOR's instructions "constitute[d] 'specific written instructions' within the meaning of RCW 82.32.090," and Lakeside was advised that it would be penalized for noncompliance. *Id.* at 146.

Lakeside petitioned DOR to withdraw these instructions, contending they were unlawful, arbitrary, and capricious. According to Lakeside, there are "no comparable sales by which it could adhere to the Department's reporting instructions." *Id.* at 3. Following an administrative hearing, DOR upheld the instruction requiring Lakeside to use the comparable sales method of valuation but modified the effective date. The modified instructions specified that Lakeside could return to cost-based valuations with DOR's permission but only "[i]f, in the future, [Lakeside]'s business activities change and [Lakeside] ceases to have comparable sales." *Id.* at 74. These modified instructions were "'specific written instructions' within the meaning of RCW 82.32.090." *Id.*

Lakeside filed for reconsideration of the instructions, which resulted in a further modification of the effective date. However, Lakeside was again given "'specific written instructions'" to use the comparable sales method of valuation.

*Id.* at 88.  DOR's decision on reconsideration "constitute[d] the final action of the Department of Revenue."  *Id.*

Lakeside then filed an APA petition for judicial review of DOR's reporting instructions in King County Superior Court.  DOR moved to dismiss Lakeside's petition "for lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted."  *Id.* at 13 (citing CR 12(b)(1), (3), (6)).  DOR argued that "before a taxpayer may contest the State's excise taxes, it must pay the tax in full," and that "allowing judicial review of prospective reporting instructions under the APA before a taxpayer pays the challenged tax, circumvents the exclusive processes the Legislature has prescribed for addressing excise tax contests" in Title 82.  *Id.* at 12-13.

After receiving briefing from both parties and hearing oral argument, the trial court granted DOR's motion to dismiss based on "lack of subject matter jurisdiction" and "failure to state a claim for which relief can be granted."  *Id.* at 200 (citing CR 12(b)(1), (6)).  Lakeside appealed.  In a published opinion, the Court of Appeals "conclude[d] the trial court erred by dismissing Lakeside's petition for lack of subject matter jurisdiction, but affirm[ed] the dismissal for failure to state a claim."  *Lakeside Indus., Inc. v. Dep't of Revenue*, 19 Wn. App. 2d 225, 228, 495 P.3d 257 (2021).  We granted Lakeside's petition for review, and we now affirm.

*Lakeside Indus. v. Dep't of Revenue*, No. 100497-4

ISSUE

Is Lakeside entitled to bring a nonconstitutional challenge to DOR's tax reporting instructions pursuant to the APA instead of Title 82?

ANALYSIS

It is the legislature's role to "direct by law, in what manner, and in what courts, suits may be brought against the state." CONST. art. II, § 26. Therefore, Lakeside must seek review of DOR's reporting instructions in accordance with applicable statutes. The question is which statutes apply: the APA or Title 82?

The answer to that question is a matter of statutory interpretation. We must attempt to discern the legislature's intent based on "the plain language enacted by the legislature, considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, amendments to the provision, and the statutory scheme as a whole." *Ass'n of Wash. Spirits & Wine Distribs. v. Wash. State Liquor Control Bd.*, 182 Wn.2d 342, 350, 340 P.3d 849 (2015). Statutory interpretation is a question of law reviewed de novo. *Id.*

In addition, this case is before us on a motion to dismiss for failure to state a claim pursuant to CR 12(b)(6). Therefore, we assume that the factual allegations in Lakeside's APA petition for judicial review are true. *Becker v. Cmty. Health Sys., Inc.*, 184 Wn.2d 252, 257, 359 P.3d 746 (2015). However, "[t]he court need not accept [Lakeside's] legal conclusions as correct." *Haberman v. Wash. Pub.*

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Power Supply Sys.*, 109 Wn.2d 107, 120, 744 P.2d 1032, 750 P.2d 254 (1987). An order of dismissal pursuant to CR 12(b)(6) is reviewed de novo. *Becker*, 184 Wn.2d at 257.

A.    Judicial review of agency actions

The APA "establishes the exclusive means of judicial review of agency action, except . . . [t]o the extent that de novo review or jury trial review of agency action is expressly authorized by provision of law." RCW 34.05.510(3). Where another statute expressly authorizes de novo review of an agency action, then APA review is not available because a "general statutory provision," such as the APA, "must yield to a more specific statutory provision." *Ass'n of Wash. Spirits*, 182 Wn.2d at 356.

Title 82 includes two provisions expressly authorizing de novo review of agency actions in tax matters. *See* RCW 82.03.180, 82.32.180. The first of these provisions (RCW 82.03.180) does not apply in this case because Lakeside is not seeking "review of a decision of the board of tax appeals." Rather, Lakeside seeks review of DOR's "specific written instructions" for reporting the value of Lakeside's self-manufactured asphalt products for tax purposes. RCW 82.32.090(5). Therefore, the only question is whether RCW 82.32.180's express authorization of de novo review applies to Lakeside's challenge in this case. If it

does, then Lakeside's APA petition for judicial review was correctly dismissed for failure to state a claim.

B.      RCW 82.32.180 expressly authorizes de novo review of Lakeside's challenge to DOR's reporting instructions

RCW 82.32.180 provides that "[a]ny person . . . having paid any tax as required and feeling aggrieved by the amount of the tax may appeal to the superior court of Thurston county." The "trial in the superior court on appeal shall be de novo," and "the burden shall rest upon the taxpayer to prove that the tax as paid by the taxpayer is incorrect, either in whole or in part, and to establish the correct amount of the tax." *Id.* In addition, RCW 82.32.180 provides that "no court action or proceeding of any kind shall be maintained by the taxpayer to recover any tax paid, or any part thereof, except as herein provided."

There can be no dispute that Lakeside is a "person" and a "taxpayer" for purposes of RCW 82.32.180. *See* RCW 82.02.010(4) (defining "taxpayer"); RCW 82.04.030 (defining "person"); RCW 82.32.020(1) (adopting definitions from "chapters 82.01 through 82.27 RCW"). There is also no dispute that the purpose of DOR's reporting instructions is to determine the amount of use tax that Lakeside must pay on its self-manufactured asphalt. Therefore, if Lakeside is aggrieved by DOR's instructions, then Lakeside is *necessarily* "aggrieved by the amount of the tax" that it would be required to pay pursuant to those instructions for purposes of RCW 82.32.180. Lakeside is clearly attempting to adjudicate its grievance in a

7

*Lakeside Indus. v. Dep't of Revenue*, No. 100497-4

"court action or proceeding of any kind," and Lakeside could certainly raise its challenge to DOR's instructions in an action for de novo review. Therefore, Lakeside is expressly authorized to seek de novo review of DOR's tax reporting instructions pursuant to RCW 82.32.180.

However, to obtain de novo review pursuant to RCW 82.32.180, Lakeside must first follow DOR's instructions and pay its use tax accordingly. Lakeside has not yet done so. As a result, Lakeside asserts that RCW 82.32.180 does not expressly apply in this case. However, Lakeside's interpretation fails to read the relevant statutory language in context, as required by our precedent. *Ass'n of Wash. Spirits*, 182 Wn.2d at 350.

Lakeside appears to argue that a person challenging an agency action may proceed pursuant to the APA unless another statute expressly authorizes de novo review *at the procedural stage the challenger wishes to bring it*. To the contrary, the APA requires only "that de novo review or jury trial review of agency action is expressly authorized by provision of law." RCW 34.05.510(3). As indicated, Title 82 expressly authorizes de novo review of DOR's actions, but it includes statutory requirements for such review—specifically, prepayment of the contested tax. RCW 82.32.180; *see also* RCW 82.32.150. This prepayment requirement does not negate the express authorization of de novo review. It means only that de novo review is not available to Lakeside *at this procedural stage*. Thus, Lakeside is

8

expressly authorized to seek de novo review—as soon as it satisfies the statutory requirements for doing so.

In addition, the prepayment requirement in RCW 82.32.180 clearly reflects the legislature's intent to require nonconstitutional tax challenges to proceed in accordance with Title 82. The closely related statute of RCW 82.32.150 broadly provides that "[a]ll taxes, penalties, and interest shall be paid in full before *any* action may be instituted in *any* court to contest *all or any part* of such taxes, penalties, or interest." (Emphasis added.) This provision is not limited to cases seeking tax refunds, injunctions, or any other specific form of relief.[1]

Lakeside does not bring a constitutional challenge, so it is not excused from complying with RCW 82.32.150 and .180. *Contra Wash. Bankers Ass'n v. Dep't of Revenue*, 198 Wn.2d 418, 495 P.3d 808 (2021) (permitting a declaratory judgment action in a constitutional tax challenge). Moreover, the purpose of DOR's reporting instructions is to determine the amount of tax that Lakeside must pay. As a result, the "objective aim" of Lakeside's challenge to DOR's instructions is to contest the amount of taxes that Lakeside, itself, will ultimately

---

[1] The second sentence of RCW 82.32.150 applies specifically to cases seeking injunctions: "No restraining order or injunction shall be granted or issued by any court or judge to restrain or enjoin the collection of any tax or penalty or any part thereof, except upon the ground that the assessment thereof was in violation of the Constitution of the United States or that of the state." Because we hold that Lakeside's claim is barred by its failure to comply with Title 82 and prepay the contested tax, we need not decide whether Lakeside's claim is also barred by RCW 82.32.150's "anti-injunction" provision.

*Lakeside Indus. v. Dep't of Revenue*, No. 100497-4

pay. *Contra CIC Servs., LLC v. Internal Revenue Serv.*, 593 U.S. \_\_\_, 141 S. Ct. 1582, 1589, 209 L. Ed. 2d 615 (2021). Thus, Lakeside's claim in this case clearly falls within RCW 82.32.150's broad language requiring prepayment in "*any action*" contesting "*all or any part*" of a tax. (Emphasis added.)

As correctly explained by DOR, Title 82's prepayment requirement ensures that courts will not be forced "to issue piecemeal advisory opinions on hypothetical future tax disputes before an actual factual record of the business activities exists." Dep't of Revenue's Suppl. Br. at 8. Advisory opinions should be issued "only 'on those rare occasions where the interest of the public in the resolution of an issue is overwhelming' and where the issue has been 'adequately briefed and argued.'" *To-Ro Trade Shows v. Collins*, 144 Wn.2d 403, 416, 27 P.3d 1149 (2001) (internal quotation marks omitted) (quoting *In re Disciplinary Proceeding Against Deming*, 108 Wn.2d 82, 122-23, 736 P.2d 639, 744 P.2d 340 (1987) (Utter, J., concurring)). If Lakeside is entitled to bypass the prepayment requirement and seek review of DOR's reporting instructions pursuant to the APA, then advisory opinions will become the norm, rather than the exception, in tax challenges based on reporting instructions. The plain language of Title 82 shows that is not what the legislature intended.

Title 82's prepayment requirement also plays a valuable role in assuring continued operation of essential state government functions by preventing

10

*Lakeside Indus. v. Dep't of Revenue*, No. 100497-4

"'disruption of the state's prompt and orderly collection of taxes.'" *Booker*

*Auction Co. v. Dep't of Revenue*, 158 Wn. App. 84, 89, 241 P.3d 439 (2010)

(quoting *Ziegler v. Ind. Dep't of State Revenue,* 797 N.E.2d 881, 889 (Ind. T.C.

2003)). Allowing Lakeside to bypass Title 82's prepayment requirement would be

contrary to both the plain statutory language and "the public's interest in not

disrupting tax streams into the state treasury." *Id.* We therefore agree with the

Court of Appeals and hold that Lakeside may not rely on the APA to "'circumvent

the legislature's precisely governed system for obtaining superior court review of

an excise tax challenge.'" *Lakeside Indus.*, 19 Wn. App. 2d at 234 (quoting

*Booker*, 158 Wn. App. at 90).

C.      Lakeside's subjective disagreement about the comparability of other sales
        does not mean that it may disregard DOR's reporting instructions

As discussed above, the plain language of the relevant statutes requires

Lakeside to follow DOR's reporting instructions and pay its taxes before seeking

judicial review pursuant to Title 82. DOR has instructed Lakeside to calculate its

use tax by using the comparable sales method, based on Lakeside's asphalt sales to

third parties. CP at 86-87. Lakeside asserts that it cannot follow DOR's

instructions because it disagrees that these third-party sales are comparable.

However, this disagreement does not excuse Lakeside from complying with

DOR's instructions and Title 82.

11

*Lakeside Indus. v. Dep't of Revenue*, No. 100497-4

As noted above, on a CR 12(b)(6) motion, we accept the plaintiff's factual assertions, but we are not bound by the plaintiff's legal conclusions. We do not question, as a factual matter, that Lakeside subjectively *believes* there are no comparable sales. However, the existence of comparable sales is not a factual question to be determined solely from the taxpayer's subjective viewpoint. To the contrary, "the appropriate valuation method" is a "legal question" to be decided in accordance with the Washington Administrative Code's "hierarchy of appropriate methodologies for calculating a product's value." *Texaco Refin. & Mktg., Inc. v. Dep't of Revenue*, 131 Wn. App. 385, 393, 127 P.3d 771, *review denied*, 158 Wn.2d 1012 (2006).

The comparable sales method of valuation is established by statute and further detailed by regulation. *See* RCW 82.04.450(2), 82.12.010(7)(b); WAC 458-20-112. The regulation provides that if a product cannot be valued by "'gross proceeds of sales,'" then the comparable sales method presumptively "shall" apply. WAC 458-20-112. "[T]he statute and regulation provide a very detailed definition of a comparable sale," and "[t]he comparison required need not be exact but rather 'as nearly as possible.'" *Texaco Refin.*, 131 Wn. App. at 398-99 (quoting RCW 82.04.450(2)); *see also* RCW 82.12.010(7)(b). The cost method "may" be used only as a last resort "[i]n the absence of sales of similar products as a guide,"

12

subject to "such rules as the department of revenue may prescribe." WAC 458-20-112; RCW 82.12.010(7)(b).

Thus, determining the appropriate valuation method is not a matter of deferring to Lakeside's subjective belief. Instead, it requires interpreting the relevant statutory and regulatory language and applying that language to the facts presented. That is precisely what DOR did in deciding that Lakeside must use the comparable sales method. Making that decision in the first instance was well within DOR's authority to "[a]ssess and collect all taxes and administer all programs relating to taxes." RCW 82.01.060(1).

Lakeside is entitled to seek judicial review of DOR's decision. However, it must do so in accordance with the procedures established by the legislature because "[t]he right to sue state and local governments is 'created by statute.'" *Booker*, 158 Wn. App. at 88 (quoting *Medina v. Pub. Util. Dist. No. 1 of Benton County*, 147 Wn.2d 303, 312, 53 P.3d 993 (2002)). As discussed above, the legislature set forth the appropriate procedure in Title 82: Lakeside must follow DOR's instructions, pay the disputed tax, and then seek de novo review. RCW 82.32.150, .180.

Lakeside's disagreement with DOR's interpretation of the law does not give Lakeside license to disregard DOR's authority. Instead, like anyone else who

disagrees with a DOR decision on nonconstitutional grounds, Lakeside must comply with Title 82's provisions for seeking judicial review.

D.      Lakeside relies on inapposite case law

Finally, we specifically address three cases Lakeside relies on to support its statutory interpretation. *See Wash. Bankers*, 198 Wn.2d 418; *Wells Fargo, NA v. Dep't of Revenue*, 166 Wn. App. 342, 271 P.3d 268 (2012); *CIC Servs.*, 141 S. Ct. 1582. In each case, Lakeside's reliance is misplaced.

First, Lakeside points to *Washington Bankers*, 198 Wn.2d 418. *See* Lakeside Indus., Inc.'s Pet. for Rev. at 21-23. In that case, the plaintiff financial institutions "paid a tax, [sought] no refund, and instead challenge[d] the tax's constitutionality." *Wash. Bankers*, 198 Wn.2d at 456. Under those circumstances, we held that RCW 82.32.180 was "silent as to the procedure" that should be followed, and we permitted the plaintiffs to proceed in accordance with the Uniform Declaratory Judgments Act (UDJA), ch. 7.24 RCW. *Id.* Lakeside asserts that Title 82 is also "silent" as to parties who bring nonconstitutional challenges to tax reporting instructions. Lakeside Indus., Inc.'s Pet. for Rev. at 22. It is not. As discussed above, Title 82 lays out a clear procedure for obtaining de novo review in which the taxpayer must follow DOR's instructions, pay the assessed tax, and then seek review.

14

*Lakeside Indus. v. Dep't of Revenue*, No. 100497-4

Moreover, unlike this case, *Washington Bankers* involved a constitutional challenge. In the context of tax challenges, the distinction between constitutional and nonconstitutional claims is of vital importance. Constitutional tax challenges are explicitly exempt from RCW 82.32.150's prepayment requirement. As a result, allowing a *constitutional* tax challenge to proceed outside of Title 82 does not undermine the legislature's intent to require that contested taxes be prepaid in full. Indeed, we held that the claim in *Washington Bankers* could be brought pursuant to the UDJA because Title 82 does "not limit the court's equitable powers in *constitutional cases*." 198 Wn.2d at 457 (emphasis added). The same cannot be said of Lakeside's *nonconstitutional* challenge here, which is plainly subject to the prepayment requirement, as discussed above. Lakeside's reliance on *Washington Bankers* is thus misplaced.

Lakeside also relies on *Wells Fargo*, 166 Wn. App. 342. *See* Lakeside Indus. Inc.'s Pet. for Rev. at 24-26. In that case, "Wells Fargo filed a series of tax refund requests with DOR," and the parties ultimately negotiated a "closing agreement" in accordance with RCW 82.32.350. *Wells Fargo*, 166 Wn. App. at 346. DOR paid Wells Fargo the amount stated in the closing agreement, but Wells Fargo "protest[ed] the payment of its refund without interest." *Id.* at 347. DOR did not pay the requested interest, and Wells Fargo filed suit. The Court of Appeals held that the APA applied to Wells Fargo's lawsuit because, *unlike RCW*

15

*Lakeside Indus. v. Dep't of Revenue*, No. 100497-4

*82.32.180*, "neither RCW 82.32.350 nor RCW 82.32.360, which address closing agreements, provides for de novo review in the superior court." *Id.* at 353-54 (footnote omitted). Lakeside's challenge here is not based on a closing agreement subject to RCW 82.32.350 or RCW 82.32.360. Instead, as discussed above, Lakeside's challenge is subject to RCW 82.32.180, which expressly authorizes de novo review in superior court. *Wells Fargo* does not apply.

In addition, Lakeside points to *CIC Services*, 141 S. Ct. 1582. *See* Notice of Suppl. Auth. (Wash. Ct. App. No. 81502-4 (2021)). Like this case, *CIC Services* involved a challenge to tax reporting instructions issued by a government agency. However, that is where the similarities end. Crucially, the challenge in *CIC Services* was not brought by a taxpayer but by "a material advisor to taxpayers." 141 S. Ct. at 1588. Therefore, the reporting requirements in *CIC Services* would not be used to determine the *plaintiff's* taxes; the plaintiff, itself, was "nowhere near the cusp of tax liability." *Id.* at 1591. As a result, the "objective aim" of the plaintiff's action in *CIC Services* was not to prevent the collection or assessment of taxes. *Id.* at 1589. Instead, the action was brought "for the purpose of avoiding the regulatory burdens imposed" by the reporting instructions. *Id.* at 1594 (Sotomayor, J., concurring).

Here, the analysis must be "different" because Lakeside is "a taxpayer instead of a tax advisor." *Id.* Unlike the instructions for tax advisors in *CIC*

16

*Lakeside Indus. v. Dep't of Revenue*, No. 100497-4

*Services*, DOR's reporting instructions to Lakeside are not "attenuated" from Lakeside's own tax liability. *Id.* To the contrary, DOR's instructions will directly affect the amount of taxes that Lakeside, itself, owes. As the Court of Appeals correctly recognized, Lakeside's "[p]ayment of the use tax is imminent. And the objective of Lakeside's lawsuit is to challenge the amount of taxes it owes. Lakeside's petition is a challenge to tax liability that must be brought under Title 82 RCW." *Lakeside Indus.*, 19 Wn. App. 2d at 235. This holding is entirely consistent with the analysis in *CIC Services*.

CONCLUSION

For the reasons detailed above, we hold that Lakeside's APA petition for judicial review was properly dismissed for failure to state a claim. If Lakeside wishes to challenge DOR's reporting instructions, then it must comply with Title 82. It may do so by following DOR's instructions and paying its taxes. If it chooses not to do so, then Lakeside may still obtain review of DOR's instructions by paying any assessed penalties and then seeking a refund. In either case, APA review is not available. We affirm.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Lakeside Indus. v. Dep't of Revenue*, No. 100497-4



Yu, J.

WE CONCUR:

González, C.J.

Stephens, J.

Madsen, J.

Whitener, J.

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

No. 100497-4

GORDON MCCLOUD, J. (dissenting)—The question in this case is which

statutes govern a taxpayer's challenge to Department of Revenue (DOR) tax

reporting instructions: chapter 34.05 RCW, the Administrative Procedure Act

(APA), concerning challenges to agency actions, or Title 82 RCW, concerning

challenges to excise taxes. The answer matters because the APA (under which

taxpayer Lakeside Industries Inc. filed suit) does not require prepayment of tax

assessments to file a lawsuit—but Title 82 RCW does.

The plain language of those statutes answers this question. The APA says

that it provides the "exclusive means" of judicial review for all agency action,

including DOR agency action, unless another law "expressly authorize[s]" de novo

or jury trial review of the agency action. RCW 34.05.510(3).

The majority holds that Title 82 RCW "expressly authorize[s]" just such de

novo review. But the majority reaches this result by ignoring the plain language of

the statutes. First, the majority's interpretation ignores the plain meaning of the

word "expressly," impermissibly reading that term out of the APA entirely.

Second, the majority's interpretation ignores that the APA is displaced only when

another statute provides "express[]" authorization of *the agency action at issue*.

1

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

To be sure, the majority is correct that when a taxpayer challenges a tax *assessment*, Title 82 RCW and its prepayment requirement "expressly" apply. But in this case, the agency action that the taxpayer challenges is not a tax *assessment*. The agency action that the taxpayer challenges is issuing final prospective tax reporting *instructions* that direct how to calculate future taxes owed. I would therefore hold that (1) RCW 34.05.510(3) means what it says and therefore governs judicial review of agency action unless another law "expressly authorize[s]" de novo or jury trial review, (2) this court cannot change the statutory "express[] authoriz[ation]" requirement into an implied authorization requirement, (3) nothing in Title 82 RCW "expressly authorize[s]" use of its procedures to challenge reporting instructions, thus, (4) APA procedures, rather than Title 82 RCW procedures, govern challenges to final prospective tax reporting instructions. I would also hold that the anti-injunction provision of RCW 82.32.150 does not bar Lakeside's challenge to the reporting instructions because this challenge does not seek to restrain or enjoin the collection of a tax or penalty.

I therefore respectfully dissent.

2

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

## FACTS AND PROCEDURAL HISTORY

I.      DOR directs Lakeside to change its valuation method for certain self-manufactured asphalt products

This controversy began when DOR directed Lakeside to change its valuation method for certain self-manufactured asphalt products. Lakeside is an asphalt manufacturer, retailer, and paving company. Clerk's Papers (CP) at 2. It manufactures and uses its own asphalt (sometimes referred to as "hot mix asphalt" or HMA) in public road construction projects. *Id.* at 2, 41. As a contractor, Lakeside must pay "use tax" on the value of the asphalt it manufactures and uses in public road construction projects. WAC 458-20-171.

For purposes of the use tax, the reported value of products manufactured for the manufacturer's own commercial or industrial use "shall correspond as nearly as possible to the gross proceeds from other sales at comparable locations in this state of similar products of like quality and character, in similar quantities, under comparable conditions of sale, to comparable purchasers." WAC 458-20-112(3). If there are no comparable sales, the taxpayer may calculate value based on the cost of manufacturing the product. *Id.* Lakeside has historically valued the asphalt it manufactures for use in its public road construction projects using the cost method, and DOR has apparently accepted the results of that valuation method. CP at 4.

3

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

That changed in June 2018, when DOR performed a partial audit of Lakeside's vehicle sales tax (*not* asphalt use tax) for the period 2014 to March 31, 2018. *Id.* at 2. This partial audit did not result in any tax adjustment, assessment, or instructions related to Lakeside's vehicle sales. *Id.* at 2-3, 83. However, the letter conveying the partial audit results contained "specific written instructions"[1] related to a completely different topic: Lakeside's valuation of its self-manufactured asphalt products used in its own public road construction projects. The letter directed Lakeside to "*report and reconcile* the value of self manufactured asphalt, aggregate, and any other manufactured products used in the performance of a 'public road construction' project…*based on a 'comparable sales' value*, and **not on a cost basis**." CP at 114. The letter continued:

> The Department will not dictate what particular method you use to value your manufactured products. Any method chosen must be reasonable, fair, and based on **comparable sales of like products and quantities**. These sales may be based on your own sales to unrelated third parties, (preferred), or other outside sales by unrelated businesses making sales of similar products.

*Id.* at 115.

---

[1] "Specific written instructions may be given as a part of a tax assessment, audit, determination, closing agreement, or other written communication, provided that such specific written instructions apply only to the taxpayer addressed or referenced on such communication." RCW 82.32.090(5). If a taxpayer disregards "specific written instructions as to reporting or tax liabilities," DOR "must" assess a penalty of 10 percent of the amount of tax owed. *Id.*

4

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

II.      Lakeside petitions for a withdrawal of the instructions, and DOR upholds
         them with some modifications

In September 2018, Lakeside petitioned DOR for "adjudication and . . .

withdrawal" of the reporting instructions. CP at 103 (citing WAC 458-20-100,

RCW 34.05.413). Lakeside argued that the instruction barring it from using the

cost basis method and requiring it to use comparable sales was inconsistent with

WAC 458-20-112, which permits the taxpayer to use the cost basis where there are

no comparable sales. CP at 106-07 ("Petition for Withdrawal of Reporting

Instructions").  Lakeside asserted that there were no comparable sales among its

own sales because it custom makes hundreds of different types of asphalt with

costs that vary depending on the specifications for each job. *Id.* at 122. Lakeside

also argued that it could not determine whether "'other outside sales by unrelated

businesses'" were comparable because sales prices charged by unrelated

businesses for similar products are not publicly available. *Id.* at 107. Finally,

Lakeside explained that even if the instructions were amended to say that the cost

method could be used if no comparable sales were available, DOR failed to

identify which sales, of which entity's asphalt, were comparable.  *Id.* at 122.

DOR's failure to identify such supposedly comparable sales would make Lakeside

"guess" at "what products, sales, and jobs, the Audit Division now believes are

5

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

similar enough" that the comparable sales method must be used versus "which ones can correctly be reported at cost." *Id.*

Following a hearing, DOR's "Administrative Review and Hearings Division" issued a written determination that upheld the reporting instructions but with modifications. Revenue Determination No. 19-0219[2]. CP at 68-75. In this determination, DOR rejected Lakeside's argument that the auditor erred in including asphalt use tax reporting instructions as part of a partial audit on the unrelated issue of vehicle sales tax. *Id.* at 71. DOR rejected Lakeside's argument that it had no comparable sales. *Id.* at 73. DOR identified two different road construction projects completed by Lakeside that DOR considered comparable sales. *Id.* The determination concluded by affirming the instruction that Lakeside must use the comparable sales method. *Id.* at 73-74. DOR further directed Lakeside to amend its excise tax returns to reflect use of the comparable sales method if it had used the cost method after June 1, 2018. *Id.*

Lakeside timely petitioned for reconsideration. CP at 41; *see* WAC 458-20-100(6). It argued that the two road construction projects DOR identified were not comparable sales because neither involved asphalt sales to a third party. CP at 44. It also argued that the reporting instructions did not constitute "specific written

_____

[2] Aug. 28, 2019 (unpublished).

6

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

instructions" within the meaning of RCW 82.32.090(5) because they recited only

generally applicable law on the comparable sales valuation method but they lacked

any guidance specific to Lakeside. *Id.* at 46.

DOR granted reconsideration. CP at 82-88 (Revenue Determination No. 19-

0219R[3]). Its reconsidered determination included "Revised Future Reporting

Instruction[s]," which continued to direct Lakeside to use the comparable sales

method to value its self-manufactured, self-used asphalt. *Id.* at 87. This new

determination "now agree[d]" with Lakeside that the road construction projects

discussed in the original determination were *not* comparable sales. *Id.* at 86. But

DOR opined that Lakeside could still come up with comparable sales based on

other sales of asphalt to third parties, though it did not specify which ones. *Id.* The

revised instructions modified the effective date of the reporting instructions from

June 1, 2018 to January 1, 2020 and removed the requirement that Lakeside amend

its excise tax returns. *Id.* at 87. They also provided:

> If, *in the future, Taxpayer's business activities change* and Taxpayer
> ceases to have comparable sales, Taxpayer may use the cost basis method.
> However, Taxpayer must first seek a Letter Ruling from the Department to
> confirm that Taxpayer no longer has comparable sales.

---

[3] Dec. 20, 2019 (unpublished).

7

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Id.* at 87-88 (emphasis added). The instructions concluded, "These instructions constitute 'specific written instructions' within the meaning of RCW 82.32.090. Failure to follow these instructions will subject the taxpayer to the additional ten percent penalty mandated by that section. This decision constitutes the final action of the Department of Revenue." *Id.* at 88.

III.    Lakeside seeks judicial review in superior court under the APA

Lakeside filed a petition for judicial review in King County Superior Court under the APA, seeking "[a]n order setting aside" Determination No. 19-0219R, including its final reporting instructions. CP at 8. Lakeside alleged that Determination No. 19-0219R was "outside the Department's authority, based on an unlawful interpretation and application of the relevant law and regulations, not supported by substantial evidence, and [was] arbitrary and capricious." *Id.* at 6-8 (citing RCW 34.05.570(3), (4)).

DOR moved to dismiss for lack of subject matter jurisdiction, improper venue, and failure to state a claim on which relief can be granted. *Id.* at 12-13 (citing CR 12(b)(1), (3), (6)). It argued that RCW 82.03.180, 82.32.150, and 82.32.180—not the APA—provide the exclusive means of obtaining judicial review of any dispute related to excise taxes. *Id.* Each of those Title 82 RCW procedures requires the taxpayer to prepay the challenged tax, assessment, or

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

penalty before seeking judicial review, unless the taxpayer "solely alleges the tax assessment violates the federal or state constitution." *Id.* at 17. Because Lakeside had not followed these procedures and did not assert a constitutional violation, DOR moved to dismiss Lakeside's claim.

Lakeside opposed. It argued that Title 82 RCW procedures did not apply because Lakeside did not "contest the assessment of any tax or seek to prohibit the Department from collecting any tax." *Id.* at 157. Lakeside challenged the reporting instructions themselves, which "are not a tax or a penalty as they do not involve the assessment or refund of any tax or penalty." *Id.* at 166. For that reason, Lakeside concluded, APA review procedures apply instead.

The superior court granted the motion to dismiss on the bases that it lacked subject matter jurisdiction and that the complaint failed to state a claim on which relief could be granted. *Id.* at 200 (citing CR 12(b)(1), (6)).

IV.     The Court of Appeals affirms on the basis of CR 12(b)(6)

Lakeside appealed. CP at 204. The Court of Appeals affirmed dismissal under CR 12(b)(6) for failure to state a claim. *Lakeside Indus., Inc. v. Dep't of Revenue*, 19 Wn. App. 2d 225, 495 P.3d 257 (2021). The court reversed the trial court's CR 12(b)(1) dismissal for lack of subject matter jurisdiction. *Id.* at 233. That issue is not before us. The court explained that the APA provides "the

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

exclusive means of judicial review of an agency action unless de novo review is expressly authorized elsewhere by statute." *Id.* at 233 (emphasis omitted) (citing RCW 34.05.510(3)). But it then concluded that Title 82 RCW "expressly" authorized such de novo review "of tax challenges." *Id.* It rejected Lakeside's distinction between challenges to taxes, assessments, or penalties—to which Title 82 RCW does "expressly" apply—and challenges to future tax reporting instructions, to which Title 82 RCW does not "expressly" apply. The court reasoned:

> DOR's written instructions direct Lakeside to start using the comparable sales method for calculating its future use tax. Payment of the use tax is imminent. And the objective of Lakeside's lawsuit is to challenge the amount of taxes it owes. Lakeside's petition is a challenge to tax liability that must be brought under Title 82 RCW.

*Id.* at 235 (discussing *CIC Services, LLC v. Internal Revenue Service*, 593 U.S. __, 141 S. Ct. 1582, 209 L. Ed. 2d 615 (2021), *Booker Auction Co. v. Department of Revenue*, 158 Wn. App. 84, 241 P.3d 439 (2010)). The court concluded that "[b]ecause Lakeside petitioned under the APA rather than RCW 82.03.180 and had not yet paid the use tax, it fails to state a claim on which relief can be granted." *Id.* at 236.

We granted Lakeside's petition for review. Ord., *Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4 (Wash. Mar. 30, 2022).

10

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

ANALYSIS

I.        Standard of Review

We review de novo a trial court's grant of a CR 12(b)(6) motion and accept the factual allegations in the complaint as true. *Becker v. Cmty. Health Sys., Inc.*, 184 Wn.2d 252, 257-58, 359 P.3d 746 (2015). CR 12(b)(6) motions may be granted "only in the unusual case in which plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *See Tenore v. AT&T Wireless Servs.*, 136 Wn.2d 322, 330, 962 P.2d 104 (1998).

"Statutory interpretation is a question of law, subject to de novo review." *City of Spokane v. Spokane County*, 158 Wn.2d 661, 672, 146 P.3d 893 (2006). "Our primary objective is to determine and to apply the legislature's intent." *State v. Conover*, 183 Wn.2d 706, 711, 355 P.3d 1093 (2015) (citing *State v. Donaghe,* 172 Wn.2d 253, 261-62, 256 P.3d 1171 (2011) (quoting *State v. Jacobs,* 154 Wn.2d 596, 600, 115 P.3d 281 (2005))). We discern legislative intent "from the plain language enacted by the legislature, considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, amendments to the provision, and the statutory scheme as a whole." *Ass'n of Wash. Spirits & Wine Distribs. v. Wash. State Liquor Control*

11

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

*Bd.*, 182 Wn.2d 342, 350, 340 P.3d 849 (2015) (citing *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002)).

II.       The APA provides the exclusive means of obtaining judicial review of agency action, unless the law "expressly authorizes" another means of obtaining de novo or jury trial review of that agency action

The issue in this case is whether the APA or Title 82 RCW govern Lakeside's challenge to DOR's final specific written tax reporting instructions.

The legislature "shall direct by law, in what manner, and in what courts, suits may be brought against the state." WASH. CONST. art. II, § 26. The legislature enacted the APA to direct the "manner" for bringing suit against state administrative agencies. The APA aims to "provide greater public and legislative access to administrative decision making." RCW 34.05.001. The APA therefore allows judicial review of all agency action, ensuring that administrative agencies cannot shield their actions from public scrutiny. RCW 34.05.570(4)(a) ("[a]ll agency action" not reviewable under RCW 34.05.570(2) or (3) "shall be reviewed" under RCW 34.05.570(4)). And, as noted, the APA is the "*exclusive* means of judicial review of agency action, except . . . [t]o the extent that de novo review or jury trial review of agency action is *expressly* authorized by provision of law." RCW 34.05.510(3) (emphasis added).

12

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

The parties agree that DOR's written instructions fall within the broad statutory definition of "agency action,"[4] which "'includes everything and anything . . . that an agency does or does not do, whether its action or inaction is discretionary or otherwise. . . . The principal effect of the very broad definition of 'agency action' is that everything an agency does or does not do is subject to judicial review.'" *Muckleshoot Indian Tribe v. Dep't of Ecology*, 112 Wn. App. 712, 722, 50 P.3d 668 (2002) (second alteration in original) (quoting MODEL STATE ADMIN. PROC. ACT § 1-102, cmt., 15 U.L.A. (1981)). Because the final written instructions are agency action, the APA provides the exclusive means of obtaining judicial review unless another source of law "expressly authorize[s]" de novo review of those instructions and displaces the APA. RCW 34.05.510(3). We turn to that question now.

---

[4] "Agency action" is defined as "licensing, the implementation or enforcement of a statute, the adoption or application of an agency rule or order, the imposition of sanctions, or the granting or withholding of benefits," subject to exceptions not applicable here. RCW 34.05.010(3).

13

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

III.      APA procedures govern Lakeside's challenge to final tax reporting instructions because no provision of law "expressly authorize[s]" de novo or jury trial review of that agency action

     A. The majority's approach ignores the plain language of the statutes and reads the term "expressly" out of the APA

"If the language of a statute is clear on its face, courts must give effect to its plain meaning and should assume the Legislature means exactly what it says." *State v. Chapman*, 140 Wn.2d 436, 450, 998 P.2d 282 (2000) (citing *Rettkowski v. Dep't of Ecology*, 128 Wn.2d 508, 515, 910 P.2d 462 (1996); *Sidis v. Brodie/Dohrmann, Inc.*, 117 Wn.2d 325, 329, 815 P.2d 781 (1991)). Thus, to determine if any provision of law "expressly authorize[s]" de novo review of prospective tax reporting instructions, we must first consider the plain meaning of that statutory term.

Title 34 RCW does not define "expressly," so we may look to the dictionary to confirm that term's plain and ordinary meaning. *HomeStreet, Inc. v. Dep't of Revenue*, 166 Wn.2d 444, 451, 210 P.3d 297 (2009) (citing *Garrison v. Wash. State Nursing Bd.*, 87 Wn.2d 195, 196, 550 P.2d 7 (1976)). "Expressly" means "in an express manner: EXPLICITLY," and "explicitly" means "clearly and without any vagueness or ambiguity." MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/expressly (last visited Feb. 14, 2023); BLACK'S LAW

14

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

DICTIONARY 726 (11th ed. 2019) ("express" defined as "[c]learly and unmistakably communicated; stated with directness and clarity. *Cf.* IMPLIED").

The majority holds that RCW 82.32.180 "expressly authoriz[es] de novo review of agency actions in tax matters." Majority at 6. But this statute does not mention tax reporting instructions, let alone "expressly authorize[]" de novo or jury trial review of such instructions.

Instead, RCW 82.32.180 provides that "[a]ny person . . . having paid any tax as required and feeling aggrieved by the amount of the tax may appeal to the superior court of Thurston county" for a refund of that tax. In such case, "[t]he trial in the superior court on appeal shall be de novo." *Id.*

Further, RCW 82.32.150 provides, "All taxes, penalties, and interest shall be paid in full before any action may be instituted in any court to contest all or any part of such taxes, penalties, or interest."

Clearly, RCW 82.32.180 expressly authorizes de novo review of lawsuits *seeking a refund of taxes paid*. And RCW 82.32.150 forbids any prepayment contest of taxes, penalties, or interest. But these statutes are silent on reporting instructions. The only way these statutes could "expressly" authorize de novo review of reporting instructions is if we read the statutory terms "tax," "assessment," "penalty," or "interest" to encompass "reporting instructions."

15

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

That's what DOR asks us to do. DOR's Suppl. Br. at 9-13. That is also the approach taken by the majority.

But the plain language of the statutes forecloses that approach.

First, it is a basic tenet of statutory interpretation that we apply a term's statutory definition. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 813, 828 P.2d 549 (1992). Title 82 RCW provides a definition of "tax":

> For the purposes of this chapter . . . [u]nless the context clearly requires otherwise, the term "tax" includes any monetary exaction, regardless of its label, that the department is responsible for collecting, but not including interest, penalties, the surcharge imposed in RCW 40.14.027, or fees incurred by the department and recouped from taxpayers.

RCW 82.32.020(2). Applying this definition, Lakeside does not contest "any monetary exaction . . . that the department is responsible for collecting." Instead, it challenges reporting instructions ordering it to "report the value of its manufactured asphalt and other products that are incorporated into its public road construction projects using the comparable sales method." CP at 87. And DOR admits that it has not yet issued any assessment, penalty, or interest that Lakeside could contest.[5] Br. of Resp't at 30 (Wash. Ct. App. No. 81502-4-I (2021)).

---

[5] An "assessment" is "an amount assessed: an amount that a person is officially required to pay especially as a tax." MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/assessment (last visited Feb. 14, 2023). A "penalty" is "the suffering in person, rights, or property that is annexed by law or judicial decision to the commission of a crime or public offense." *Id.*, https://www.merriam-webster.com/dictionary/penalty (last visited Feb. 14, 2023). "Under chapter 82.32

16

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

Thus, under the plain language of these Title 82 RCW statutes, reporting instructions do not constitute a tax, assessment, penalty, or interest. *Accord CIC Servs.*, 141 S. Ct. at 1588-89 ("A reporting requirement is not a tax; and a suit brought to set aside such a rule is not one to enjoin a tax's assessment or collection. That is so even if the reporting rule will help the [the government] bring in future tax revenue." (citing *Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 8, 135 S. Ct. 1124, 191 L.Ed.2d 97 (2015))).

Related statutes buttress the conclusion that we should not read the words tax, assessment, penalty, or interest to include reporting instructions. Take RCW 82.32.090(5), the statute defining "specific written instructions." That statute explicitly distinguishes between reporting instructions and tax liabilities: it directs DOR to impose a mandatory penalty if it "finds that a taxpayer has disregarded specific written instructions as to reporting *or* tax liabilities." RCW 82.32.090(5) (emphasis added). The disjunctive "or" indicates that the legislature considers "reporting instructions" and "tax liabilities" to be separate matters; if "tax liabilities" encompassed "specific written instructions as to reporting," there would be no need to list both. It necessarily follows that a challenge to "specific written

---

RCW, interest and penalties arise only when the Department 'assesses' or 'imposes' them." *AOL, LLC v. Dep't of Revenue*, 149 Wn. App. 533, 547-48, 205 P.3d 159 (2009) (citing RCW 82.32.050(1), .090).

17

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

instructions" should not be interpreted as an "express[]" challenge to "tax liabilities."

Because the Title 82 RCW statutes are silent on the specific issue of prospective tax reporting instructions, Lakeside argues that they simply do not apply to its case. I agree. Based on the plain meanings of the statutory terms discussed above, I would hold that neither RCW 82.32.150 nor RCW 82.32.180 "expressly authorize[]" de novo review of challenges to final tax reporting instructions.

The majority's contrary position reads the word "expressly" out of the APA entirely, and this court's rules of statutory interpretation bar us from doing that. The APA is displaced only when another statute *expressly* authorizes de novo or jury trial review of an agency action—not when another statute *impliedly* does so. The majority repeatedly claims that RCW 82.32.180 contains such express language; it claims that Lakeside is "expressly authorized to seek de novo review of DOR's tax reporting instructions pursuant to RCW 82.32.180." Majority at 8; *see id.* at 6.

But as the quotes above show, that is incorrect. RCW 82.32.180 provides for de novo review where a taxpayer who has "paid any tax as required and feel[s] aggrieved by the amount of the tax" brings a lawsuit seeking a "refund" of the tax.

18

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

RCW 82.32.180 does not expressly authorize de novo review of DOR-issued

*reporting instructions.* Try as it might, the majority cannot show that this statute—

or any of the other tax statutes these opinions discuss—*expressly* authorize review

of the agency action at issue here: DOR's issuance of prospective tax reporting

instructions.[6]

The majority also argues that RCW 82.32.180 applies here because it

reasons that "if Lakeside is aggrieved by DOR's instructions, then Lakeside is

*necessarily* 'aggrieved by the amount of the tax' that it would be required to pay

pursuant to those instructions for purposes of RCW 82.32.180." Majority at 7. I fail

to see how that conclusion "necessarily" follows from the premise. Lakeside does

not assert that it is aggrieved by the amount of tax it would have to pay under the

new method—instead, Lakeside repeatedly asserts that its grievance is that it

---

[6] The majority also cites the rule of statutory interpretation that "[a] general statutory provision must yield to a more specific statutory provision." *Ass'n of Wash. Spirits & Wine Distribs.*, 182 Wn.2d at 356; *see* majority at 6. I agree; "[w]here a general statute includes the same matter as a specific statute and the two cannot be harmonized, the specific statute prevails over the general." *AOL, LLC*, 149 Wn. App. at 542. Certainly, RCW 82.32.180 is the more specific statute relating to the issue of tax *refunds*, and its procedure clearly supplants the APA in such cases. But the majority does not explain why RCW 82.32.180 is the more specific statute on the issue of *tax reporting instructions* when the statute is silent on such instructions. And in any case, the APA and RCW 82.32.180 can be harmonized by applying them as they are written: neither RCW 82.32.180 nor any other statute identified by DOR or the majority "expressly" authorizes de novo review of prospective tax reporting instructions. Therefore, the APA's "general" provisions apply to lawsuits challenging reporting instructions.

19

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

*cannot follow* the instructions because it cannot identify any comparable sales and because DOR did not identify any comparable sales.[7] CP at 3, 6, 7. This problem is logically prior to, and conceptually independent from, any potential grievance with the amount of the tax. The majority's analysis leads to the absurd result that where a taxpayer claims that it cannot comply with reporting instructions, it still must comply with the reporting instructions in order to challenge the reporting instructions.

I therefore cannot agree with the majority's interpretation of the APA and RCW 82.32.180. In my view, DOR has failed to identify any tax statute that displaces APA review of the tax reporting instructions at issue here. The contrary conclusion reached by the majority disregards the actual text of those tax statutes and mischaracterizes Lakeside's challenge.

---

[7] It is worth noting that in *Texaco Refining & Marketing, Inc.*, cited by the majority, the Court of Appeals opined that it is the responsibility of DOR in the first instance—not the taxpayer—to identify comparable sales. *See Texaco Refin. & Mktg., Inc.*, 131 Wn. App. at 396 ("Thus, in a situation in which a sale does not produce a true value in monetary terms, the statute and administrative code establish a hierarchy of valuation methods. *First, the DOR should determine comparable sales values* or, in the absence of comparable sales, determine the value based on production costs." (emphasis added)).

20

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

#### B. The cases Lakeside cites provide additional support for its argument

The majority criticizes Lakeside's reliance on three cases. In my view, this reliance was not misplaced, and the majority opinion in each case supports Lakeside's position.

First, in our recent decision in *Washington Bankers Association v. Department of Revenue*, 198 Wn.2d 418, 495 P.3d 808 (2021), *cert. denied*, 142 S. Ct. 2828 (2022), this court made clear that the mere fact that a challenge relates to an excise tax does not mean that a tax refund suit is the exclusive means of obtaining judicial review. In that case, plaintiffs sought a declaratory judgment that a tax was unconstitutional. *Id.* at 426. The State argued that the plaintiffs had to bring the claim as a tax refund suit under RCW 82.32.180 because "when the legislature enacted RCW 82.32.180, it set out the exclusive process for challenging excise taxes." *Id.* at 456. We rejected that broad reading of RCW 82.32.180. Instead, we clarified that that statute provides a procedure "for taxpayers *seeking a tax refund*." *Id.* (emphasis added) (citing *Lacey Nursing Ctr., Inc. v. Dep't of Revenue*, 128 Wn.2d 40, 52, 905 P.2d 338 (1995)). We continued that RCW 82.32.180 "is silent as to the procedure for parties such as the financial institutions here who have paid a tax, seek no refund, and instead challenge the tax's constitutionality." *Id.* Thus, we concluded that the plain language of RCW

21

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

82.32.180 did not require the taxpayers to "utilize its process to the exclusion of" the Uniform Declaratory Judgments Acts, ch. 7.24 RCW. *Id.*

That conclusion applies by analogy to this case. RCW 82.32.180 is equally "silent as to the procedure for parties" who have not paid a tax and do not seek a refund, but instead seek to challenge prospective tax reporting instructions. It addresses only the procedure required of a taxpayer who has "paid any tax as required and feel[s] aggrieved by the amount of the tax." RCW 82.32.180.

The majority argues that *Washington Bankers* is wholly inapposite here because that case addressed a constitutional challenge to a tax that had already been paid, and constitutional tax challenges are "explicitly exempt from RCW 82.32.150's prepayment requirement." Majority at 15. But those distinctions do not undermine *Washington Bankers*' holding—applicable here—that RCW 82.32.180 imposes no blanket requirement that a taxpayer must channel any dispute related to an excise tax into the form of a tax refund case. Instead, *Washington Bankers* supports Lakeside's position that statutory silence on reporting instructions means that its claim is simply not covered (and hence not barred) by RCW 82.32.180.

The second case Lakeside relies on is *Wells Fargo, NA v. Department of Revenue*, 166 Wn. App. 342, 271 P.3d 268 (2012), in which the Court of Appeals also rejected the argument that the mere fact that a dispute relates to taxes means

22

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

that RCW 82.32.180 must apply. In that case, Wells Fargo sued DOR in superior

court and demanded interest on a tax settlement agreement it had entered into with

DOR pursuant to RCW 82.32.350. *Id.* at 347-48. Wells Fargo lost on summary

judgment. *Id.* at 349. The relevant issue on appeal was whether the APA governed

Wells Fargo's suit. If it did, Wells Fargo would lose because its petition was

untimely under the APA. *Id.* at 350.

The Court of Appeals rejected Wells Fargo's argument that the APA did not

apply to the dispute over the postsettlement interest. *Id.* The appellate court

recognized that the plain language of the statutes governing tax settlement

agreements contain no express provision for de novo review of a dispute over

postsettlement interest. *Id.* at 353-54 (discussing RCW 82.32.350, .360). The court

compared the statutes' lack of express provision for de novo review of a dispute

over postsettlement interest with the statutory language of RCW 82.32.180, which,

as discussed, expressly states that superior court review of an action *seeking a tax*

*refund* "shall be de novo." *Id.* at 353 & n.2. The court used this example to make

the point that the legislature knows how to use express language providing for de

novo review of a *specific* agency action when it wants to. By contrast, Wells Fargo

had not cited any statute that "expressly authorized" de novo review of

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

postsettlement interest, or tax settlement issues more broadly, so its challenge was

governed by the APA and time barred. *Id.* at 353-54.

Wells Fargo made clear that the fact that a dispute over a settlement

agreement related to the bank's tax liability did not transform the dispute into one

over an assessed tax and, hence, did not mean that RCW 82.32.180 applied. *Id.*

Instead, the court looked at the precise language of the tax settlement agreement

statutes to determine whether de novo review of a particular agency action—the

refusal to pay postsettlement interest—was "expressly" authorized and found that

it was not. *Id.*; *accord Wash. Citizen Action v. Off. of Ins. Comm'r*, 94 Wn. App.

64, 72, 971 P.2d 527 (1999) (APA applied to challenge to Insurance

Commissioner's denial of a request to disclose certain documents because no

statute expressly authorized de novo review of such agency action).

Lakeside's position is analogous to Wells Fargo's: "Just as Wells Fargo

contested the Department's post-settlement action and not any excise tax, Lakeside

here contests only the Department's reporting instructions and not the imposition

of any excise tax." Lakeside Indus.' Suppl. Br. at 26. Neither one constitutes a

challenge to an excise tax; both constitute challenges to a separate agency action;

hence, the APA applies to both. The majority declines to address any of these

points and dismisses the applicability of this case by simply reiterating its

24

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

erroneous interpretation that Lakeside's challenge "is subject to RCW 82.32.180, which expressly authorizes de novo review in superior court." Majority at 15-16.

Finally, the majority finds Lakeside's reliance on the recent United States Supreme Court decision, *CIC Services*, misplaced. While there are important distinctions between the plaintiffs in Lakeside and *CIC Services*, the majority opinion in *CIC Services* contains persuasive reasoning that supports Lakeside's position.

In *CIC Services*, the IRS issued reporting instructions that directed taxpayers and material advisors to provide a detailed description of certain insurance transactions to enable the IRS to identify sham transactions. 141 S. Ct. at 1587. A federal statute imposed a penalty for noncompliance. *Id*. CIC Services, a material advisor, sought to set aside those instructions. *Id.* at 1588. But the Anti-Injunction Act, 26 U.S.C. § 7421(a), bars any "'suit for the purpose of restraining the assessment or collection of any tax'" or tax penalty. *Id*. at 1586 (quoting 26 U.S.C. § 7421(a)). Thus, the United States Supreme Court had to determine whether the challenge to the reporting instructions was really brought "'for the purpose of'" challenging a tax or penalty. *Id.* at 1588 (quoting 26 U.S.C. § 7421(a)).

The *CIC Services* Court began with the critical observation that if no penalty attached to violation of the notice, the case would be easy to resolve because "[a]

25

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

reporting requirement is not a tax; and a suit brought to set aside such a rule is not one to enjoin a tax's assessment or collection. That is so even if the reporting rule will help the IRS bring in future tax revenue—here, by identifying sham insurance transactions." *Id.* at 1588-89 (citing *Direct Mktg. Ass'n*, 575 U.S. at 8). But because a penalty attached to noncompliance with the notice, the Court had to determine if the purpose of the suit seeking to set aside reporting instructions was actually to avoid paying that penalty. *Id.* at 1589.

To determine the real purpose of the lawsuit, the Court concluded that the important consideration is "the relief the suit requests," rather than the "taxpayer's subjective motive." *Id*. The Court determined the relief the suit requests from "the face of the taxpayer's complaint." *Id.* Based on the plain language of the complaint, the Court concluded that CIC Services sought relief from the reporting requirement—not from any tax or penalty. *Id.* at 1590.

Several other factors supported this conclusion. The reporting requirement "impose[d] affirmative reporting obligations, inflicting costs separate and apart from the statutory tax penalty." *Id.* at 1591. The "reporting rule and the statutory tax penalty are [also] several steps removed from each other," so "CIC stands nowhere near the cusp of tax liability." *Id.* Thus, the Court held that the purpose of CIC's suit was not to "'restrain[] the assessment or collection'" of a tax or penalty,

26

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

so it was not barred by the Anti-Injunction Act. *Id.* at 1592 (quoting 26 U.S.C. § 7421(a)).

*CIC Services* is analogous to this case. On its face, Lakeside's petition does not seek a restraining order or an injunction. Nor does it seek, on its face, relief from "any impending or eventual tax obligation." *Id.* at 1590; CP at 7. Rather, Lakeside seeks "[a]n order setting aside (i) the Department's Determination No. 19-0219R and (ii) the corresponding future tax reporting instructions issued to Lakeside" under the APA. CP at 8. Further, the reporting instructions here impose affirmative obligations to report value using a different method, the costs of which would be separate from any potential penalty for noncompliance. The final reporting instructions order Lakeside to "report the value of its manufactured asphalt and other products that are incorporated into its public road construction projects using the comparable sales method pursuant to RCW 82.04.450 and WAC 458-20-112." CP at 87. Those instructions do not assess a tax and they do not impose a penalty. Under the majority's persuasive analysis in *CIC Services*, Lakeside's complaint should be read to request what it says it requests: relief from prospective tax reporting instructions, not relief from an impending tax obligation.

27

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

141 S. Ct. at 1589. *Contra* majority at 7 (asserting that Lakeside's challenge to tax reporting instructions is "necessarily" a challenge to the amount of tax it must pay (emphasis omitted)).

IV.        RCW 82.32.150's anti-injunction clause does not bar Lakeside's challenge

I would therefore hold that RCW 82.32.180 does not apply to Lakeside's challenge and that the APA provides the exclusive means of judicial review in this case. That raises a related but distinct issue: Is Lakeside's challenge nonetheless barred by RCW 82.32.150's anti-injunction provision? The second clause of that statute states:

> No restraining order or injunction shall be granted or issued by any court or judge to *restrain or enjoin* the *collection of any tax or penalty or any part thereof*, except upon the ground that the assessment thereof was in violation of the Constitution of the United States or that of the state.

RCW 82.32.150 (emphasis added).  DOR contends that this provision bars Lakeside's complaint. DOR's Suppl. Br. at 22-23.

I disagree. First, Lakeside's complaint does not seek to restrain or enjoin "the collection of any tax or penalty or any part thereof."

Second, even if Lakeside's petition were interpreted as seeking to "enjoin" enforcement of *reporting instructions*, we have already explained why reporting instructions are not equivalent to a "tax or penalty." *See supra* Part III. Thus, a

28

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

request to set aside DOR's reporting instruction is not equivalent to a request to enjoin "the collection of any tax or penalty or any part thereof." RCW 82.32.150.

Finally, as discussed above, I would follow the persuasive reasoning of *CIC Services* and hold that we should read the plain language of the plaintiff's complaint to determine what relief the plaintiff requests. 141 S. Ct. at 1589. The face of Lakeside's complaint shows that it seeks to set aside reporting instructions that it claims it cannot follow—not to challenge the amount of taxes it will owe. Lakeside faces no current tax assessment or penalty. (Although RCW 82.32.090(5) requires DOR to assess a penalty for failure to follow specific written instructions, DOR has not done so here.) The reporting instructions are *related* to the calculation of use tax and *may* result in future tax liability. But challenging the instructions is not the same as seeking to enjoin the collection of a tax within the meaning of RCW 82.32.150. Therefore, I would conclude that the anti-injunction portion of RCW 82.32.150 does not apply to Lakeside's complaint.

CONCLUSION

We have long recognized the strong public interest in avoiding disruption of tax collection. *E.g.*, *Tyler Pipe Indus., Inc. v. Dep't of Revenue*, 96 Wn.2d 785, 796, 638 P.2d 1213 (1982). The majority's decision appears to be primarily based on a concern that following the plain language of the APA and tax statutes would

29

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

cause "'disruption of the state's prompt and orderly collection of taxes.'" Majority at 10 (internal quotation marks omitted) (quoting *Booker Auction Co. v. Dep't of Revenue*, 158 Wn. App. 84, 89, 241 P.3d 439 (2010)).

But a taxpayer's inability to comply with tax reporting instructions disrupts tax collection, too. And the majority's approach does not acknowledge that problem. Instead, it would leave the taxpayer who is unable to comply with erroneous instructions with the choice of paying no use tax at all or paying using the disfavored method with which it can comply (as Lakeside has apparently done), or else waiting to see if DOR will impose a penalty, paying the penalty, then bringing a lawsuit to challenge the penalty. As this case shows, this course of action—or more precisely, this course of waiting—could cause years of uncertainty over tax revenues.

But the statutes do not require either of these outcomes. Instead, the plain language of the APA states that it provides the exclusive procedure for challenging agency action unless de novo or jury trial review is "expressly authorized" elsewhere. The plain language of 82.32.150 and 82.32.180 does not "expressly authorize[]" de novo (or jury trial) review of challenges to final prospective tax reporting instructions. DOR identifies no other provision of law that expressly authorizes such review, either. As a result, the APA applies.

30

*Lakeside Indus., Inc. v. Dep't of Revenue*, No. 100497-4
(Gordon McCloud, J., dissenting)

I would therefore reverse the Court of Appeals' affirmance of the trial court's dismissal of this case and remand to the trial court to allow Lakeside's lawsuit to proceed. Because I disagree with the majority's reasoning and its result, I respectfully dissent.

_____
Gordon McCloud, J.

_____
Johnson, J.

_____
Owens, J.

_____
Sutton, J.P.T.

31